(22 Misc. Rep. 572.)

### RUGE v. GALLAGHER et al.

(Supreme Court, Special Term, New York County. February 19, 1898.)

1. MUNICIPAL MECHANIC'S LIEN—DISCHARGE.
   Laws 1895, c. 605, relating to the discharge of municipal mechanics' liens, is not affected by the charter of the city of New York with regard to this subject.

2. SAME—REPEAL OF STATUTE.
   Laws 1895, c. 605, relating to the discharge of municipal mechanics' liens, was not repealed by implication, because not fully embodied in the general lien law of 1897, c. 418, § 20.

Action by Julius Ruge against Patrick Gallagher and others. On November 17, 1897, the plaintiff filed in the office of the comptroller a notice of lien against moneys due and to grow due to the defendant Gallagher, for work on the male and female alms houses on Blackwell's Island. On February 10, 1898, the defendant Gallagher, pursuant to chapter 605 of the Laws of 1895, filed an undertaking to discharge this lien. Lien discharged.

Robert J. Mahon, for plaintiff.
Charles H. Broas, for defendants.

BISCHOFF, J. I think that this lien may properly be discharged by undertaking, although claimed against a fund held by the municipality. The act relating to the discharge of municipal mechanics' liens (chapter 605, Laws 1895) authorizes this practice, and, taken as a part of the consolidation act (chapter 410, Laws 1882), which it amends, such act is not, apparently, affected by the charter of the

city of New York with regard to this subject. Nor can the law referred to be taken as repealed by implication, because not fully embodied in the general lien law of 1897. Laws 1897, c. 418, § 20. That statute contains a schedule of the laws thereby repealed, of which the former act is not one, and we have, therefore, an expression of the legislative intent not to repeal such act. People v. Koenig, 9 App. Div. 438, 41 N. Y. Supp. 283. Repeals by implication are not favored, and, failing an apparent intent of repeal by the later act, the earlier must be deemed in force, unless manifestly inconsistent with or repugnant to the later. Id. Here the two acts are not necessarily inconsistent, since the lien law of 1897, § 20, while setting forth the methods whereby a municipal lien may be discharged, does not express these methods to be exclusive of others which might exist by law, and the statute of 1898 may be read with such law, as providing an additional method of discharge.