## In re WALKER.

(Supreme Court, Appellate Division, Fourth Department. December 4, 1900.)

1. CONSTITUTIONAL LAW—DUE PROCESS—INSANE PERSONS—PROCEEDINGS TO COMMIT—NOTICE.

The insanity law (Laws 1896, c. 545), authorizing the commitment of a person, as insane, on an order of court adjudging him to be insane, on a certificate of lunacy made by two medical examiners, and after a hearing, but authorizing the judge to dispense with personal service of notice of the application on such person, is not unconstitutional, as depriving him of liberty without due process of law.

2. SAME—HEARING.

Code Civ. Proc. § 2323a, authorizing appointment of a committee of an incompetent who has been legally committed to a state institution, for the purpose of enforcing the state's right to reimbursement for his support, without a hearing before a jury, as authorized in other cases, is not unconstitutional, as depriving such person of his liberty without due process of law; the theory being that the court, in its discretion, may regard the question of competency as sufficiently determined by the original commitment to the institution, and his remaining there.

Appeal from special term, Wayne county.

Application by the superintendent of the Willard State Hospital for the appointment of a committee of the person and estate of James T. Walker, an alleged incompetent person. From an order appointing a committee, and directing him to pay the Willard State Hospital for the support and maintenance of such incompetent, he appeals. Affirmed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

H. R. Durfee, for appellant.

S. S. Partridge, for respondent.

WILLIAMS, J. The order appealed from was made under sections 2323a, 2323b, and 2336a of the Code of Civil Procedure. The petition was made by the superintendent of the Willard State Hospital, and alleged, among other things, that the appellant had been legally committed to that hospital as an insane person, under the provisions of the insanity law (chapter 545, Laws 1896), more than two years before, and was still detained as an inmate therein. Notice of the application for the order was given to the officer in charge of the hospital, and to the appellant and his wife, as required by section 2323a of the Code. The wife appeared by counsel in support of the application. The appellant appeared by counsel and opposed the application, alleging that his commitment to the hospital two years before was not legal, that his detention as an inmate in the hospital since was illegal, and that he was at the time of the application competent and sane. No evidence, beyond the allegations in the petition and the papers referred to therein, was presented before the justice in support of the application. Affidavits made by the appellant and his counsel and another person were presented by the appellant, tending to show the competency and sanity of the appellant, and the appellant requested that he have a hearing in open court upon the question

of competency and sanity before the order was made. The justice thereupon immediately made the order.

, The contentions of the appellant are (1) that his original commitment to the hospital was not legal, because he had no notice of the proceeding, and the insanity law, under which the commitment was made, was unconstitutional, as permitting a person to be deprived of his liberty "without due process of law"; (2) that the proceedings in which the order appealed from was made were such as to deprive him of his property "without due process of law," and the provisions of the Code permitting such proceedings were unconstitutional for that reason.

As to the original commitment, the papers upon which it was made, although referred to in the petition, and therefore informally before the justice, are not printed in the record. We must assume, in the absence of the papers, that they were in form and substance such as were required by the provisons of the insanity law. The constitutionality of that law has been passed upon by this court recently, in Re Parker, 50 App. Div. 622, 63 N. Y. Supp. 1113. That was a habeas corpus proceeding brought to test the legality of the commitment to and detention of the alleged insane person in the Willard State Hospital under the insanity law. The question considered was the constitutionality of the law. The court below dismissed the writ and remanded the alleged insane person to the hospital, and this court affirmed the decision without opinion. That decision is controlling upon this court on the present appeal.

As to the provisions of the Code of Civil Procedure under which this order was made, the question of constitutionality is a new one. These provisions were enacted in 1895, and our attention has not been called to any case where this question has been considered. These provisions apply only to a case where the alleged incompetent person has been committed to a state institution in any manner provided by law, and is still an inmate thereof, and the application for the appointment of a committee is made in behalf of the state to secure reimbursement, in whole or in part, for maintenance and support in such state institution. No investigation of the question of sanity or competency before a jury upon a commission issued, or at a trial court, is provided for, as in other cases. Section 2327 of the Code. The petition is required to state, on the subject of sanity or competency, "that the person for whose person or property or both, a committee is asked, has been legally committed to a state institution over which the petitioner has special jurisdiction, or of which he is superintendent or acting superintendent, and is at the time, an inmate thereof, * * * the date of his admission [to the institution]. * * *" Notice of the presentation of the petition to the court or justice is required to be given to the alleged incompetent person and his wife or next of kin, and to the officer in charge of the institution in which such person is an inmate. And then it is provided that "upon the presentation of said petition, and proof of the service of such notice, the court or justice may, if satisfied of the truth of the facts required to be stated in such petition, immediately appoint a committee of the person or property or both of such

incompetent person, or may require any further proof which it or he may deem necessary before making such appointment." Section 2323a of the Code. The theory of these provisions seems to be that the question of incompetency may, in the discretion of the court or justice, be regarded as sufficiently determined by the original commitment to a state institution, and his remaining still an inmate thereof. He having once been legally determined to be insane under the provisions of the insanity law, and committed to the institution, and having taken no proceedings to be discharged therefrom, and the state being burdened with his maintenance and support in the institution, a committee may be appointed for the purpose of enabling the state to reimburse itself for such maintenance and support, without the trouble and expense of further proceedings before a jury to determine the incompetency. The order appealed from was made, pursuant to the provisions, immediately upon the presentation of the petition, and after hearing the parties, and without taking any further proof. Under the circumstances, and considering the purpose of the appointment of the committee, and the former adjudication of insanity, we are not prepared to say that the appellant was deprived of any constitutional right in the proceedings resulting in the appointment of the committee; nor are we willing to hold the provisions of the Code in question unconstitutional, as permitting any person to be deprived of his liberty or property "without due process of law."

The order appealed from should therefore be affirmed, with costs to the respondent, to be paid by the committee from the property of the appellant coming into his hands. All concur.