(109 App. Div. 665.)

### TRUST CO. OF AMERICA v. STATE SAFE DEPOSIT CO.

(Supreme Court, Appellate Division, First Department.   December 15, 1905.)

1. CONVICTS—COMMITTEE OF ESTATE—INSANITY OF CONVICT.

Under Laws 1889, p. 550, c. 401, § 1, providing that, whenever any person has been convicted and sentenced to imprisonment for life, a committee of his estate may be appointed, etc., a committee may be appointed for the estate of a life convict who is insane and confined in the state hospital for insane convicts.

[Ed. Note.—For cases in point, see vol. 11, Cent. Dig. Convicts, § 8.]

2. STATUTES—IMPLIED REPEAL.

Laws 1889, p. 550, c. 401, authorizing the appointment of committees for life convicts, is not repealed by Laws 1895, p. 650, c. 824, as amended by Laws 1897, p. 58, c. 149, and Laws 1904, p. 1278, c. 509, providing that, where an incompetent person has been committed to a state institution, a committee may be appointed of his estate.

[Ed. Note.—For cases in point, see vol. 11, Cent. Dig. Convicts, § 8.]

3. INSANE PERSONS—CONVICTS—APPOINTMENT OF COMMITTEE—DETERMINATION OF INCOMPETENCY—NECESSITY.

Code Civ. Proc. § 2323a, providing that, where an incompetent person has been committed to a state institution and is an inmate thereof, a committee of his estate may be appointed, does not authorize the appointment of a committee for the estate of a life convict, sane when convicted, who has been transferred to the state hospital for insane convicts upon the certificate of the physician of the prison but without a formal determination as to the convict's incompetency.

[Ed. Note.—For cases in point, see vol. 27, Cent. Dig. Insane Persons, § 45.]

4. CONVICTS—APPOINTMENT OF COMMITTEE—SUFFICIENCY OF PROOF.

Under Laws 1889, p. 550, c. 401, providing that, whenever any person has been convicted and sentenced to imprisonment for life, a committee of his estate may be appointed, a verified petition by the next of kin of a life convict, which petition sets out all the jurisdictional facts required by the statute, is sufficient, in the absence of any objection, to justify the appointment of the committee without any further proof.

[Ed. Note.—For cases in point, see vol. 11, Cent. Dig. Convicts, § 8.]

Appeal from Special Term.

Action by the Trust Company of America, as committee of Alphonse J. Stephani, a life convict, against the State Safe Deposit Company. From a judgment overruling a demurrer to the complaint, defendant appeals. Affirmed.

Argued before McLAUGHLIN, PATTERSON, INGRAHAM, CLARKE, and HOUGHTON, JJ.

George A. Strong, for appellant.
Carl A. Hansmann, for respondent.

McLAUGHLIN, J.　On the 10th of April, 1891, one Alphonse J. Stephani, then a resident of New York, was convicted of murder in the second degree and sentenced to be imprisoned in the state prison for life.　He was first confined in Sing Sing Prison, where he remained until January 8, 1903, when he was transferred, in pursuance of chapter 520, p. 1067, Laws 1899, to the Dannemora State Hospital for Insane Convicts, where he ever since has remained and now is. On the 18th of November, 1903, the plaintiff, under the provisions of chapter 401, p. 550, Laws 1889, was appointed a committee of the estate of the convict.　Prior to the arrest and conviction of Stephani, he rented from the defendant a safe deposit box, in which he then deposited (and where the same has since remained and now is)· certain personal .property, consisting of money, bonds, stocks, and checks, of the aggregate value of several thousand dollars.　The plaintiff, after it was appointed such committee, demanded access to the safe deposit box and possession of its contents.　The defendant refused the demand, and thereupon this action was brought to procure a judgment awarding to the plaintiff possession of the property in the box.　The defendant demurred to the complaint, upon the ground that it did not state facts sufficient to constitute a cause of action, and that the plaintiff did not have legal capacity to bring the action.　The demurrer was overruled, and the defendant appeals from the interlocutory judgment.

The appellant contends that the judgment is erroneous because the appointment of a committee of· Stephani's estate could only be made under section 2323a of the Code of Civil Procedure, and that chapter 401, p. 550, of the Laws of 1889, under which the appointment was in fact made, did not apply, inasmuch as Stephani was, at the time of such appointment, an insane convict, and that, if it be held that such statute did apply, then proper proceedings were not taken under it.

As to the first contention, I am of the opinion that the appointment was properly made under the act of 1889, and this, irrespective of the question of whether Stephani is sane or insane.　The title of the act is:

"An Act to provide for the Care and Custody of the Estates of Persons sentenced to States Prison for Life."

The first section makes the act applicable to every person who is confined in a states prison for life.　The language is:

"Whenever any person has been convicted and sentenced to imprisonment in this state for life."

Broader or more comprehensive language could scarcely be used, indicating, as it seems to me, a legislative intent to place in the possession of a committee the estate of a life convict.　All that it is necessary to show, to bring a case within the provisions of this act, are the facts that a person has been convicted and sentenced to imprisonment for life.　These facts here appeared, and therefore the case was brought clearly within the provisions of this act.

.But it is urged that the act of 1889, in so far as it refers to insane convicts, was, by implication, repealed by chapter 824, p. 650, of the Laws of 1895, as amended by chapter 149, p. 58, of the Laws of 1897, and chapter 509, p. 1278, of the Laws of 1904, which constitute section 2323a of the Code of Civil Procedure.　The argument in this respect is based upon the language in that section, which provides that:

"Where an incompetent person has been committed to a state institution in any manner provided by law, and is an inmate thereof,"

—a committee may be appointed of his estate as there provided.

The repeal of a statute by implication is not favored (People v. Koenig, 9 App. Div. 436, 41 N. Y. Supp. 283; Kilbourne v. Supervisors of Sullivan Co., 62 Hun, 210, 16 N. Y. Supp. 507; Eagan v. Rochester, 68 Hun, 231, 22 N. Y. Supp. 955), and a statute is not to be deemed repealed by implication by a subsequent statute upon the same subject, unless the two are manifestly inconsistent with and repugnant to each other, or unless a clear intention is disclosed on the face of the latter statute to repeal the former one (People v. Jaehne, 103 N. Y. 182, 8 N. E. 374; McKenna v. Edmundstone, 91 N. Y. 231; Heckmann v. Pinkney, 81 N. Y. 211). Section 2323a is not inconsistent with or repugnant to the act of 1889, nor is there anything to indicate a legislative intent to have it supersede or take the place of that act. On the contrary, making it one of the sections of the Code of Civil Procedure would seem to indicate a legislative intent not to have it apply to insane life convicts. This section is part of title 6, c. 17, which is entitled:

"Proceedings for the appointment of a committee of the person and of the property of a lunatic, idiot or habitual drunkard. General powers and duties of the Committee."

The first section of this chapter is 2320, and, when this is read in connection with the three following sections, it seems to me clear that the incompetent person referred to in 2323a is not one who is confined in the state prison under a life sentence, even though his insanity be conceded. Thus section 2320, after providing that the jurisdiction of the Supreme Court extends to the custody of the person and the care of the property of a person incompetent to manage himself or his affairs in consequence of idiocy, habitual drunkenness, or imbecility arising from old age, or loss of memory or understanding or other causes, states that:

"In all proceedings under this title for the appointment of a committee of such a person he shall be designated an alleged incompetent person and after the appointment of such a committee of such person in all subsequent proceedings the lunatic, idiot, habitual drunkard or imbecile shall be designated an incompetent person."

This view is sustained by Matter of Walker, 57 App. Div. 1, 67 N. Y. Supp. 647, as well as by the provisions of section 2323a, when all of the language there used is read and construed together.

Nor do I think it could be held that section 2323a applies, inasmuch as Stephani has never been adjudged an incompetent person, nor has he been committed, as such, to a state institution. He was tried for murder, found guilty, sentenced to imprisonment for life, and is now confined by force of that judgment. He was sane when convicted. This the verdict of the jury established, and his insanity has not been judicially determined, notwithstanding the fact that he was transferred, in pursuance of section 9, c. 520, p. 1071, Laws 1899, from the Sing Sing Prison to the Dannemora State Hospital. The statute authorizes a transfer thus to be made, whenever the physician of either of the state prisons, reformatories, or penitentiaries shall certify to the warden or superintendent thereof that a male prisoner confined therein for a felony is, in his opinion, insane. The certificate of the

·physician is not a determination of incompetency within either the spirit or letter of title 6, c. 17 of the Code of Civil Procedure.

Next, it is claimed that proper proceedings were not taken under the act of 1889 for the appointment of the plaintiff, in that the facts set out in the petition should have been established by common-law proof. The petition was presented by an uncle and next of kin of the life convict. The application was made at a Special Term of the Supreme Court in the judicial district in which he resided at the time of his conviction. The petition was subscribed and verified by the petitioner and set forth all the jurisdictional facts required by the statute. It averred that the life convict was unmarried; that both his parents were dead; that he had no brothers or sisters or descendants of deceased brothers or sisters; that his only next of kin and heirs at law, with their degree of relationship, were the petitioner and the persons stated in the petition; and that due notice had been given to all of such persons in the manner provided in the act of 1889. Upon the presentation of the petition—none of such parties appearing or making any objection to the appointment of the committee asked for—the petitioner was entitled to have his application granted without offering any further proof. Jurisdictional facts had been established by the petition, and the appointment of the committee followed as a matter of course. In this respect it was analogous to the appointment of an administrator of the estate of a deceased person.

Nor does the Matter of Stephani, 75 Hun, 188, 26 N. Y. Supp. 1039, hold to the contrary. The statement there made that every fact necessary to confer jurisdiction should be established by common-law proof had reference solely to the proceedings there taken, which were clearly insufficient to give the court jurisdiction, and it was held that these defects were simply jurisdictional. The defects which existed in that application were supplied in the present one. All of the persons whom the act of 1889 required to be notified were made parties to the proceedings and duly served with notice of the application, or their duly executed waivers presented and filed. They all defaulted in appearing. The allegations set out in the petition were undisputed, and they were entitled to be received and treated by the court as established. There was no necessity for making further proof.

It follows that the judgment appealed from must be affirmed, with costs, with leave to the defendant to withdraw demurrer and to answer, on payment of costs in this court and in the court below. All concur.