## EX PARTE JAMES SINGLETON.

### No. 2902.    Decided November 26, 1913.

**1.—Lunacy Proceeding—Civil Proceeding—Habeas Corpus—Jurisdiction.**

The Court of Criminal Appeals has no jurisdiction to issue a writ of habeas corpus unless relator is restrained of his liberty on account of a violation of a criminal or quasi-criminal law, and the Act of the Thirty-third Legislature re-

lating to judicial proceedings in cases of lunacy does not give this court jurisdiction.

**2.—Same—Constitutional Law.**

See opinion that if the court could decide the question it probably would hold the Act constitutional.

From Harris County.

Original application for a writ of habeas corpus asking release from restraint under lunacy proceedings.

The opinion states the case.

*Heidingsfelders* and *A. R. Railey,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, PRESIDING JUDGE.—This is an original application to this court to grant a writ of habeas corpus, alleging that the applicant is restrained of his liberty by the sheriff of Harris County, on his being found a lunatic under chap. 163, p. 341, of the Acts of the Regular Session of the Thirty-third Legislature, relating to judicial proceedings in cases of lunacy. This Act of the Legislature amends articles 150 to 165, inclusive, of the Revised Civil Statutes of the State in probate matters, pertaining to lunacy cases. The object of this writ is to have this court pass upon whether or not the said Act is constitutional, wherein it provides that instead of an alleged lunatic being tried by a jury, he shall be tried by a commission of physicians.

Our Supreme Court in Legate v. Legate, 87 Texas, 248, in discussing what is a criminal and what a civil case, so far as the writ of habeas corpus is concerned, said: "If in this proceeding it appears that such person is restrained by reason of his supposed violation of some criminal law or quasi-criminal law, as an offense against the person or contempt of court, then the proceeding must be classed as a criminal case, although upon the whole case the court should be of opinion that the act for which such person is detained does not constitute a violation of such law, or that the evidence is totally insufficient to establish the act, or that the supposed law does not exist or is void; but if such person is not restrained by reason of some supposed violation of law, then the proceeding must be classed as a civil case. It is the *cause* of restraint which determines whether the proceeding to *remove* the restraint be a criminal or civil case."

In our opinion the applicant in this case is in no way restrained of his liberty by reason of any supposed violation of any criminal or quasi-criminal law, but wholly and solely in a probate civil proceeding. Hence, this court has no jurisdiction to issue the writ of habeas corpus. His remedy is solely, as we see it, in the civil courts. Ex parte Calvin, 40 Texas Crim. Rep., 84; Ex parte Reed, 34 Texas Crim. Rep., 9; Ex parte Berry, 34 Texas Crim. Rep., 36; Legate v. Legate, 87 Texas, 248.

We deem it unnecessary to discuss the question.

Entertaining this view of the question, any opinion by us as to the constitutionality of the said Act of the Legislature would be obiter dictum, still it may not be amiss to say that, in view of the following authorities which are in point, to wit: Courts of Blackhawk v. Springer, 10 N. W., 791; Chavanes v. Priestly, 45 N. W., 766; State v. Linderholm, 114 Pac., 857; In re Bresse, 82 Iowa, 573, 48 N. W., 991; Simon v. Craft (U. S. Sup. Ct.), 45 L. Ed., 1165; and In re Walker, 67 N. Y. S., 647, if we could properly decide the question, we might hold the Act constitutional.

The writ is denied and the application therefore is dismissed.

*Writ denied.*

DAVIDSON, Judge.—I do not express any opinion on the constitutionality of the Act. I have not examined the question sufficiently to have formed a definite conclusion. Inasmuch as it is held this court is without jurisdiction, I have not examined that phase of the law.