## GEHRETT v. ESTATE OF FERGUSON ET AL.

[No. 12,272.   Filed October 8, 1925.   Rehearing denied December 15, 1925.]

1. PRISONS.—*Sheriff cannot recover compensation for care of jail inmate from his estate, regardless of promises by his children or guardian.*—A sheriff, as a part of his official duties, is required to take charge of all persons' committed to the county jail and take proper care of them, and, for such services, he can only charge such fees or amounts as are prescribed by statute, and cannot recover compensation for such services from the estate of one committed thereto, regardless of promises made by his children or guardian.   p. 719.

2. CONTRACTS.—*Promise to compensate officer for performing official duty is without consideration and void.*—A promise to compensate an officer for performing an official duty for which the law fixes his pay is without consideration and void.   p. 720.

3. EXECUTORS AND ADMINISTRATORS.—*Allegations in a claim against decedent's estate as to furnishing supplies to decedent for which no allowance was asked were properly struck out.*—Allegations in a claim against an estate as to supplies furnished to the decedent for which no allowance was asked were properly struck out, as they added no force to the claim.   p. 720.

From Wells Circuit Court; *A. Walter Hamilton*, Judge.

Claim against the estate of John H. Ferguson by Henry Gehrett. From a judgment for the estate, the claimant appeals. *Affirmed.* By the court in banc.

*Martin W. Walbert* and *George Mock,* for appellant.
*W. H. Eichhorn, Frank W. Gordon* and *John H. Edris,* for appellees.

THOMPSON, J.—Appellant filed a claim against the estate of John H. Ferguson, deceased, for services rendered for the care of said decedent, from March 23, 1921, to January 1, 1922, a period of 283 days at $5 per day, amounting to $1,415.

It was further alleged in said claim that claimant was the sheriff of Wells county, Indiana, during the year 1921 and up to January 1, 1922; that on March 23, 1921, the said John H. Ferguson was declared a person of unsound mind and that his being permitted to be at large would be dangerous to the community; that, in the absence of this claimant, he was put in jail and placed under the care of this claimant, and that, during the time he was in jail, he was very boisterous and disagreeable to care for, was unclean and very filthy in his habits and that claimant cared for him; that decedent had an estate of the value of $20,000; "that within a few days after the placing of said decedent under the care and custody of claimant, the adult children of decedent, accompanied by the cashier of the Farmer's State Bank of Ossian, then and there duly appointed guardian of John H. Ferguson, called upon claimant and stated to this claimant that claimant should be paid for the care and attention that would be bestowed upon said John H. Ferguson by this claimant for the reason that said John H. Ferguson had ample funds and property with which to compensate claimant; that all of the care and attention bestowed upon decedent by claimant was necessary for the health, wel-

fare and cleanliness of said decedent, and claimant was the only person who gave any care or attention to the wants and needs of said decedent."

That, among other allegations in said complaint, was the following, which the defendant moved to strike out, which motion was sustained: "That the adult children of said decedent, at or about the time said decedent was placed in the care and custody of this claimant, directed this claimant to purchase for the decedent any articles that said decedent would require to be furnished for him; that pursuant to such directions this claimant furnished said decedent large quantities of candy, bananas and tobacco as decedent would ask for such supplies; that this claimant did not keep an account of such supplies to said decedent and that this claimant does not ask any allowance therefor."

Appellee filed a demurrer to the complaint for the following reasons: First, That the complaint does not state facts sufficient to constitute a cause of action; second, that plaintiff is not the proper party in interest, but that the action should be by him in his official capacity or by Wells county.

The court sustained the demurrer, and appellant refused to plead further, whereupon judgment was rendered for appellee.

Appellant assigns as error: First, the sustaining of the motion to strike out parts of complaint; second, the sustaining of the demurrer to the complaint.

There was no error in sustaining the demurrer to the complaint. A sheriff, as a part of his official duties, is required to take charge of all persons committed to the jail of his county and it is his official duty to take proper care of such persons, such as their condition may require while they are so confined in jail, and he is allowed for his services only such fees or amounts as prescribed by statute. Under the facts

shown in this case, all the services rendered were rendered as sheriff of Wells county, and whatever was said by decedent's children or by his guardian would not bind his estate, for it was the sheriff's official duty to do and perform all that was done for him as alleged in the complaint. (*Board, etc.,* v. *Harman* [1885], 101 Ind. 551; *Board, etc.,* v. *Gresham* [1885], 101 Ind. 53; *Board, etc.,* v. *Burkey, Admr.* [1891], 1 Ind. App. 565, 27 N. E. 1108.)

It is a fundamental principle in law that any promise by a third person to compensate an officer for performing an official duty for which the law

2. fixes his pay is without consideration and is void.

There was no error in sustaining the motion to strike out parts of the complaint. The parts stricken

3. out did not add any force to the complaint.

Judgment affirmed.