

# THE ATTORNEY GENERAL
## OF TEXAS

**GERALD C. MANN**
XXXXXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Mr. Joe Gordon
County Attorney
Gray County
Pampa, Texas

Opinion No. O-259
Re: Fees of county clerk - Officer's
Salary Fund.

Your request for an opinion upon the following question:

"In county operating on a salary basis is county clerk entitled to fees on lunacy cases and for recording county instruments, such fees to be remitted to Officer's Salary Fund?"

has been received by this Department.

Section 3 of Article 3912e provides as follows:

"In all cases where the Commissioners' Court shall have determined that county officers or precinct officers in such county shall be compensated for their services by the payment of an annual salary, neither the State of Texas nor any county shall be charged with or pay to any of the officers so compensated, any fee or commission for the performance of any or all of the duties of their offices but such officers shall receive said salary in lieu of all other fees, commissions or compensation which they would otherwise be authorized to retain; provided, however, that the assessor and collector of taxes shall continue to collect and retain for the benefit of the Officers' Salary Fund or funds hereinafter provided for all fees and commissions which he is authorized under law to collect; and it shall be his duty to account for and to pay all such monies received by him into the fund created and provided for under the provisions of this Act; <u>provided further, that the provisions of this Section shall not affect the payment of costs in civil</u>

cases by the State but all such costs so paid
shall be accounted for by the officers collect-
ing the same, as they are required under the
provisions of this Act to account for fees, com-
missions and costs collected from private parties."

Section 5 of Article 3912 e reads as follows:

"It shall be the duty of all officers to
charge and collect in the manner authorized by
law all fees and commissions which are permit-
ted by law to be assessed and collected for
all official service performed by them. As and
when such fees are collected they shall be
deposited in the Officers' Salary Fund, or funds
provided in this Act. In event the Commissioners'
Court finds that the failure to collect any fee
or commission was due to neglect on the part of
the officer charged with the responsibility of
collecting same, the amount of such fee or commis-
sion shall be deducted from the salary of such
officer. Before any such deduction is made, the
Commissioners' Court shall furnish such officer
with an itemized statement of the uncollected
fees with which his account is to be charged,
and shall notify such officer of the time and
place for a hearing on same, to determine whether
such officer was guilty of negligence, which time
for hearing shall be at least ten days subsequent
to the date of notice. Unless an officer is charged
by law with the responsibility of collecting fees,
the Commissioners' Court shall not in any event
make any deductions from the authorized salary of
such officer.

Article 5561, Revised Civil Statutes of Texas,
reads as follows:

"Officers and jury fees. In such cases
the officers shall be allowed the same fees as
are now allowed for similar services performed
in misdemeanor cases and the jurors shall each
be allowed a fee of One ($1.00) Dollar, to be
paid out of the estate of the defendant, if he
have an estate, otherwise by the county on ac-
counts approved by the county judge." (This
article appears in the chapter relating to lunacy
proceedings and is the costs allowed officers and
jurors in lunacy proceedings.)

Lunacy proceedings are of a civil, and are not of a criminal nature - insanity is not a crime; in contradistinction it is a disease - White vs. White, 196 SW 508 (Sup. Ct. of Tex.).

A lunacy proceeding is a civil, and not quasi criminal, proceeding. Ex Parte Singleton, Court of Criminal Appeals, 161 SW 123.

You are respectfully advised that if the defendant in lunacy have no estate then the county clerk should charge the county a fee for services under Article 5561, Revised Civil Statutes of Texas, as the same is a civil case, and that he should be paid by the county for such services out of the General Fund of the county, and that when such clerk receives such payment out of the General Fund it is the duty of the clerk to place such payment he receives from the General Fund into the Officers' Salary Fund of the county.

It is the further opinion of this Department that the only compensation that the clerk is entitled to retain if the salary allowed him under the Officers' Salary Law. However, it is still his duty to charge and collect and account for all fees and commissions which are permitted by law to be assessed and collected for all official services performed by him and, as and when such fees are collected, the clerk must deposit the same in the Officers' Salary Fund or funds provided in the Salary Act.

On May 2, 1931, this Department held, in an opinion written by Hon. R. G. Waters, Assistant Attorney General, that the county clerk is not entitled to a recording fee to be paid by the county for recording deeds and the county instruments pertaining to land purchased by the county and that services rendered by the county clerk for recording county instruments would be considered "public services" and his remuneration would be taken care of in his ex-officio salary, if any, paid by the county.

On August 19, 1935, this Department held, in an opinion rendered by Hon. Leon O. Moses, Assistant Attorney General, that the county clerk was not entitled to a fee for recording right-of-way deeds for the county.

You are further advised that it is the opinion of this Department that the county clerk is not entitled to charge the county recording fees for recording right-of-way deeds for the county because there is no authority which authorizes the county clerk to charge the county for such services.