presence and hearing of the appellant, cannot be utilized to furnish the required corroboration, because an accomplice cannot corroborate himself by his own declarations and statements to third persons who testify thereto. The authorities attesting the rule are numerous and will be found collated under 11 Texas Digest, Criminal Law, ☞511(8) and 511(9). See, also, Wallace v. State, 48 Tex.Cr.R. 318, 87 S.W. 1041; Wilson v. State, 147 Tex.Cr.R. 653, 184 S.W.2d 141, and Curry v. State, Tex.Cr.App., 205 S.W.2d 586.

■ Because of the failure to corroborate the testimony of the accomplice, the facts are insufficient to support the conviction.

The judgment is reversed and the cause remanded.

Opinion approved by the court.

### DE LUNA v. STATE.
#### No. 24774.

Court of Criminal Appeals of Texas.
May 24, 1950.

No appearance, for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

WOODLEY, Judge.

### NUGENT v. STATE.
#### No. 24780.

Court of Criminal Appeals of Texas.
May 24, 1950.

judge of the trial court, a jury empaneled to determine his sanity shall find appellant sane, this appeal may be further prosecuted. See Arts. 921–932 and Art. 932a, Sec. 3, Vernon's Ann.C.C.P.

These statutes apply to this court as well as in the trial court. See Jones v. State, 137 Tex.Cr.R. 150, 128 S.W.2d 815; and Williams v. State, 135 Tex.Cr.R. 585, 124 S.W.2d 990.

The motion to suspend further proceedings is granted and the clerk of this court is directed to retire this case from the docket until it shall be properly shown to this court that appellant has been restored to sanity.

Opinion approved by the Court.

E. T. Miller, Amarillo, for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

WOODLEY, Judge.

Appellant was convicted of rape and the jury assessed his punishment at 20 years in the penitentiary.

Subsequent to sentence and notice of appeal, upon a trial in the court in which he was convicted, appellant was adjudged to be insane, and was committed to a state hospital.

As a patient adjudged insane in accordance with the provisions of the Code of Criminal Procedure, appellant shall not under any circumstances be permitted to temporarily leave the hospital. See Art. 3193j, Vernon's Ann.Civ.St.

But should appellant become sane, and upon notice of such fact being given to the