L. L. NUGENT V. STATE.

No. 24780. May 24, 1950.
State's Motion to Reinstate Appeal
Granted November 1, 1950.
On Merits of Appeal November 29, 1950.

*E. T. Miller*, Amarillo, for appellant.

*George P. Blackburn*, State's Attorney, Austin, for the state.

WOODLEY, Judge.

Appellant was convicted of rape and the jury assessed his punishment at 20 years in the penitentiary.

Subsequent to sentence and notice of appeal, upon a trial in the court in which he was convicted, appellant was adjudged to be insane, and was committed to a state hospital.

As a patient adjudged insane, in accordance with the provisions of the Code of Criminal Procedure, appellant shall not under any circumstances be permitted to temporarily leave the hospital. See Art. 3193(j), Vernon's R.C.S.

But should appellant become sane, and upon notice of such fact being given to the judge of the trial court, a jury empaneled to determine his sanity shall find appellant sane, this appeal may be further prosecuted. See Arts. 921-932 and Art. 932(a), Sec. 3, Vernon's Ann. C.C.P.

These statutes apply to this court as well as in the trial court. See Jones v. State, 137 Tex. Cr. R. 150, 128 S.W. 2d 815; and Williams v. State, 135 Tex. Cr. R. 585, 124 S.W. 2d 990.

The motion to suspend further proceedings is granted and the clerk of this court is directed to retire this case from the docket until it shall be properly shown to this court that appellant has been restored to sanity.

Opinion approved by the court.

### ON STATE'S MOTION TO REINSTATE APPEAL.

WOODLEY, Judge.

The conviction is for rape, the punishment assessed by the jury being twenty years' confinement in the penitentiary.

While the appeal was pending, it was shown that appellant had been declared insane, and we ordered that further proceedings be suspended. See original opinion, 230 S. W. 2d 233. 2d 223.

The state has filed a motion to reinstate the appeal, and it is shown in connection therewith that appellant has been tried in the court where the conviction was had, and in which he was adjudged insane, upon affidavit alleging that his sanity has

been restored. It is further shown that upon a jury verdict on said issue, judgment has been entered declaring appellant to be now sane.

The state's motion to reinstate the appeal is granted, and the appeal ordered restored to the docket and set for submission on the merits.

Opinion approved by the court.

ON THE MERITS.

GRAVES, Judge.

The conviction is for rape. The penalty assessed is confinement in the state penitentiary for 20 years.

This cause was originally filed in this court on Dec. 1, 1949. Prior to its being heard herein, appellant was convicted of lunacy and committed to a state institution for treatment, and this cause was retired from our docket.

It is now made to appear that appellant has been restored to sanity and we proceed to hear the same.

Appellant was indicted by a grand jury in July, 1949, and placed upon trial in August, 1949, for rape upon a seven-year-old girl, the child of a woman with whom he was living at such time. Appellant and this child's mother were not married, she having a living undivorced husband, although appellant had two children by her. The mother of this little girl was again pregnant and was in a hospital in Amarillo, where she gave birth to another child. While she was in such hospital, the little seven-year-old girl was found to be suffering with gonorrhea, and eventually it was found that appellant also had gonorrhea. The testimony of the child convinced the jury that appellant had an act of intercourse with her. The jury awarded appellant a penalty of 20 years in the penitentiary upon their verdict of guilt.

There is but one bill of exceptions found in the record and that relates to the qualifications of the little child as to the pains and penalties of perjury. The bill occupies 32 pages in the transcript, all in question and answer form, certified to by the trial court as thus necessarily presented in order to be properly understood. We think the trial court was at least liberal in such certification. We are of the opinion that the first few pages of

such bill correctly set forth the matter complained of, and nowhere therein does she deviate from the line shown in the following quotation:

"Q Now, look at me, Lois Marie, and don't pay any attention to anyone else; look at me and talk to me—what is your name? A Lois Marie McCullin.

"Q Now, try to talk loud enough, although you are talking to me, so that these men can hear what we are saying— A. Lois Marie McCullin.

Q How old are you? A I am seven years old.

"MR. BOURNE (Attorney for Defendant) : We object to the testimony of this witness as being incompetent and too young to appreciate the meaning of the questions.

"THE COURT: I take it this is some qualifying questions.

"MR RICHARDS: That is right.

"Q (By Mr Richards) : Now, Lois Marie, do you know what the Judge did there, when you swore to tell the truth? A Yes ma'am.

"Q Do you understand what that oath means? A No ma'am.

"Q You don't know what it means? A No ma'am.

"Q Now, do you know the difference between telling the truth and telling a story? A. Yes ma'am.

"Q Speak up loud? A. Yes, ma'am.

"Q Now, tell me what is the difference between telling the truth and telling a story, the best you can? A Well, just telling a little story, you can get by with that, and if you tell the Judge a lie you get put in jail.

"Q The Judge will put you in jail? A The Judge will put you in jail.

"Q Now, is that right? A. Yes.

"Q Do you understand that? A. Yes ma'am.

"Q Do you understand that you have taken an oath to tell the truth here? A. Yes.

"Q Do you understand that if you tell anything that is not the truth, the Judge can put you in jail? A. Yes ma'am.

"Q Now, the things that I am saying to you, and you are saying to me, do you understand all of these? A Yes ma'am.

"Q Now, you held up your hand there and the Judge swore you to tell the truth, and you took what is called an oath? A Yes ma'am.

"Q Do you understand that that oath is what makes it so he could put you in jail if you tell a story? A Yes ma'am.

"Q Are you going to tell the truth? A Yes ma'am.

*     *     *     *

"Q Has anybody told you about God? A Yes, ma'am.

"Q What do you think that he wants you to do about telling the truth or not? A Well, he wants me to tell the truth; if I don't tell the truth he will punish me.

\* \* \* \*

"Q How would God punish you if you told a story? A Either— I don't know how God would punish—but mother said he would always punish me."

We think the court was correct in allowing this bright little girl to testify, she being qualified under the pains and penalties of perjury.

The testimony seems to be sufficient to show a penetration between the lips of the vagina by the appellant's private organ.

No further matter being presented, the judgment will be affirmed.