**L. W. GREEN, Guardian, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 4986.

Court of Civil Appeals of Texas.

Beaumont.

Sept. 30, 1954.

Motion for Rehearing Overruled
Oct. 27, 1954.

Steeger & Dohoney, Houston, for appellant.

A. M. LeCroix, Asst. Atty. Gen., Grover C. Lowe, Woodville, W. O. Smyth, Jr., E. M. Scott, Austin, for appellees.

WALKER, Justice.

This suit was brought under Article 3196a, Vernon's Ann.Tex.St., to recover the cost of the support, maintenance and treatment furnished an insane patient in the Rusk State Hospital. The defendant is the guardian of the patient's estate and the plaintiff is the State of Texas. Both parties filed motions for summary judgment. The guardian's was denied but the State's was granted, and the trial court rendered a judgment in the State's behalf. From this judgment the guardian has appealed.

■ (1) It is provided in Sec. 5 of Article 3196a that "a verified account, sworn to by the superintendent of the respective hospitals or psychopathic hospitals wherein such patient is being treated, or has been treated, as to *the amount due* shall be sufficient evidence to authorize the Court to render judgment therein." Under Point 1 the guardian says that Article 3196a provides no standard by which a superintendent shall determine "the amount due", but, instead, leaves this matter to the superintendent's discretion.

Point 1 is overruled. It is provided in Sec. 1 of Article 3196a that the state "shall have the right to be reimbursed for the support, maintenance, and treatment" of a nonindigent patient. Sec. 2 provides that a patient without sufficient estate of his own "shall be maintained at the expense" of certain persons if the latter are "able to, do so". Sec. 4 authorizes the Board of Control to "make contracts fixing the price for the support, maintenance, and treatment of patients * * * at a sum not to exceed the cost of same". Sec. 5 provides that certain officers "shall represent the State in filing a claim in Probate Court or a petition in a court of competent jurisdiction, wherein the guardian of such patient * * * may be cited to * * * show cause why the State should not have judgment against him * * * for the amount due it for the support, maintenance, and treatment of

such patient". These provisions make the State's right one of reimbursement and fix the maximum amount recoverable from the patient's estate as the cost of the patient's "support, maintenance, and treatment". This is the "amount due" which the superintendent is to state in his "verified account". This conclusion is supported by a consideration of Article 3196a as a whole but it is also demonstrated by Sec. 5 alone. For the sentence authorizing the use as evidence of a "verified account * * * as to the amount due" follows immediately after the sentence authorizing a suit by the State against a guardian to recover "the amount due it for the support, maintenance, and treatment of such patient". The "amount due" referred to in one sentence must be the same as that referred to in the other. So, Article 3196a does provide a standard to guide the superintendent in making his account and it is definite enough to meet constitutional requirements, if any are applicable.

■ The guardian's argument under this Point and under Point 2 implies that the parties are bound by the superintendent's statement of account. If this be the guardian's position, we disagree with it. The provision in question only makes the statement of account *"sufficient evidence to authorize* the Court to render judgment". The statement of account is nothing but evidence; right and obligation are fixed by the provisions of Article 3196a and by the facts, not by this statement of account; and the statement of account is plainly rebuttable.

The proper method of determining the cost of a patient's support, maintenance and treatment is not involved on this appeal.

Point 2 assigns as error that "Article 3196a makes a sworn account 'sufficient evidence' of the amount due, without any provision for notice, hearing or judicial review." Point 2 is overruled. Notice, hearing and judicial review are not prerequisites to the superintendent's preparation of his statement of account, for this, as we have stated, is only evidence of facts and does not bind the adverse party. The

superintendent's statement, when filed, could have no greater effect than to create a presumption and in Weatherly v. Jackson, 123 Tex. 213, 71 S.W.2d 259, at page 267, the Commission said: "A law which gives to the act of a public official the effect of raising a prima facie presumption and does not deprive the party affected of the right to rebut the presumption is not in denial of due process." Provisions already quoted from Article 3196a put the forcible collection of the obligation due the State into the courts.

■ Point 3 assigns as error that Article 3196a "was not intended, nor is it applicable to, criminals who subsequently become insane." The patient was convicted of murder and was sentenced to confinement for life, and when she became insane was confined in a state prison under this sentence. She was adjudicated insane by the County Court of Walker County under the provisions of Article 3186a, V.A.T.S., and by that court was ordered to be committed to the Rusk State Hospital. This order was performed and the patient was under confinement in Rusk State Hospital when the suit was filed. She had, in short, continued to be insane since her adjudication.

The guardian says that Article 3196a was not intended to apply to one who becomes insane after conviction for crime because such a person can not be released to a relative or friend under Article 5558, V.A.T.S., as may one not convicted for crime, so that in the latter case he who receives the insane person can control treatment and expense while in the former case this privilege does not exist. The difference thus made, says the guardian, shows that the imposition of liability declared in Article 3196a could not have been intended to apply to both situations.

The guardian took a different position in his motion for summary judgment. There he alleged that the patient was a ward of the State when adjudicated insane and so continued to be and that the State, for that reason, continued to be liable to pay the items in suit.

Point 3 is overruled. Literally construed, Article 3196a is applicable to all patients admitted to State Hospitals; nothing in it indicates an intention to except a case such as that of the patient involved in this suit. It has been held that, in the absence of statutes otherwise providing, the support and maintenance of one confined in a state prison under conviction for crime must be paid by the State and that the State must continue to pay for these items if the convict becomes insane and is, by reason of that insanity, committed to a State hospital for treatment. However, the State's liability for support and maintenance during the confinement for insanity was put on the ground that the legal status of the insane person was not changed by his insanity; his sentence for crime continued to run. So, when one under arrest for crime was committed for treatment as an insane person pending trial of the charge against him, he and not the state was held liable for his support and maintenance in the state hospital. Wisconsin cases: In re Radoll's Guardianship, 222 Wis. 539, 269 N.W. 305; In re Gardner, 220 Wis. 490, 264 N.W. 647; In re Sprain's Guardianship, 219 Wis. 591, 263 N.W. 648. Kentucky cases: Briskman v. Central State Hospital, Ky., 264 S.W.2d 270; Department of Welfare v. Brock, 306 Ky. 243, 206 S.W.2d 915. Lunacy proceedings in Texas have been held to be civil, not criminal, in nature. White v. White, 108 Tex. 570, at page 579, 196 S.W. 508, L.R.A.1918A, 339; Ex parte Singleton, 72 Tex.Cr.R. 122, 161 S.W. 123. And Texas statutes make the legal status of one confined in a state prison for crime different from his status after he has been adjudicated insane and, pursuant to that adjudication, committed in Rusk State Hospital. Article 34 of the Penal Code provides that "no person who becomes insane after he is found guilty shall be punished while in such condition." Title 12 of the Code of Criminal Procedure provides a method for adjudicating insanity after conviction for crime and Article 928 of that Title provides that if the person be later found sane "the conviction shall be enforced against him as if the proceedings had never been suspended." That is, the sentence for

crime does not run while the person convicted is under commitment in an asylum as an insane person pursuant to other articles of this chapter. Whether Article 928 be applicable or not to the case of the patient involved in this suit, who was adjudicated insane and committed under Article 3186a instead of Title 12 of the Code of Criminal Procedure, it indicates the State's policy and it exemplifies the broader provision quoted from Article 34 of the Penal Code. It would be a strange situation if the sentence of one committed to an asylum under Title 12 of the Code of Criminal Procedure should be interrupted while that of one committed under Article 3186a should *not* be interrupted. We conclude that the sentence for crime of the patient involved in this suit was suspended and did not run during her confinement in Rusk State Hospital, which is the period of time in suit, and consequently that she was no more a ward of the State during this period than were the insane persons confined there who were not under sentence for crime. It is not material that the patient's sentence was for life. We agree with the guardian that the patient involved in this suit could not be released under Article 5558, V.A.T.S. See Article 3193i, V.A.T.S.; Nugent v. State, 155 Tex.Cr.R. 269, 230 S.W.2d 223. However, this rule did not put the patient involved in this suit into Rusk State Hospital and it has not kept her there during any of the period of time in suit, and it is, therefore, immaterial.

Point 4 assigns as error that "the undisputed evidence shows that there is a fact question as to whether the appellant's estate is able to pay the board and treatment rate set at $60.00 a month since July 24, 1950." The meaning of this contention is not clear to us; the evidence referred to is not set out and the brief does not show how any question of fact arises nor in what way the question indicated affects the parties' rights. According to the only evidence of value the estate does not have means sufficient to pay all of the debt sued for, but this raises no question of fact. Liability for support, maintenance and treatment furnished since this suit was filed is not in

suit. As we read the record no question was made in the trial court regarding the nature and value of the patient's estate or the cost of the support, maintenance and treatment which is in suit, nor was any question made regarding the evidence pertaining to these matters. The inventory, appraisement and list of claims was competent evidence under Article 4161, V.A. T.S., and the superintendent's statement of account has not been questioned. On the showing made in the guardian's brief, Point 4 is overruled.

The judgment of the trial court is affirmed.