Dear Senator Wilson:
This letter is written in response to your request which reads as follows:
 "If an inmate in the Missouri Department of Corrections is also a veteran and is eligible for collecting VA educational benefits and is also simultaneously receiving educational instruction under a separate federal grant, and therefore his VA benefit is not applied to his cost of education, can the State of Missouri charge him a per diem cost for food, housing, shelter, etc. an amount of his VA benefit per month?"
Assuming that the inmate is receiving Veterans Administration benefits and that he is solvent, the issue becomes whether the State may impose a per diem charge for living expenses incurred by an inmate in the Missouri Division of Corrections institution.
While a jurisdiction can, by statute, require an inmate to pay for portions of his confinement after conviction, no such requirement can be placed on an inmate absent statutory authority. The court, in In re Gardner, 264 N.W. 647 (Wisc. 1936), stated:
 "That there are no cases bearing directly upon the proposition of the text [that a convict cannot be required to pay his expenses while in custody] is quite persuasive that it has never occurred to any one that a prisoner or his estate is liable for his support while in prison, in the absence of a statute making him so liable, and the proposition from the nature of it seems self-sustaining." 264 N.W. at 648.
See also Department of Welfare v. Brock, 306 Ky. 243, 206 S.W.2d 915
(1947); Auditor General v. Hall, 300 Mich. 215, 1 N.W.2d 516, 139 A.L.R. 1022 (1942).
While there is statutory authority to impose liability for support upon inmates of county jails, § 221.070, RSMo 1969, and to apply payments made by inmates of halfway houses toward the per diem expenses of a halfway house, § 216.221(4), RSMo 1975 Cum. Supp., we find no statute imposing liability upon inmates of a Division of Corrections institution for his per diem expenses.
Very truly yours,
 JOHN ASHCROFT Attorney General