## JOHN ROBINSON V. THE STATE.

If the provision of an Act of the Legislature come fairly within the object ex-
pressed in its title, it cannot be held to be obnoxious to the objection of want of
conformity to the Constitution, because of any incongruous or improper divi-
sions, subdivisions or classification of its provisions.

To the objection that the Court refused certain instructions asked by the defend-
ants, it may suffice to say, that the Court gave the law of the case, as applicable
to the evidence, fully in charge to the jury, and more could not be required.

The motion for a new trial was rightly overruled. There was no pretence that
the evidence was newly discovered, or could not have been given upon the trial,
but only that the defendant was not apprised that it would be of any avail to
him; of this it was for him and his counsel to judge, and not having been mis-
led or deceived by the adverse party, of course they must abide by the course
they saw proper to adopt in the conduct of their case.

To warrant a conviction for permitting a banking game to be exhibited in the de-
fendant's house, it is not necessary to prove an express authority or liberty given
by the defendant, it is sufficient if the evidence shows that he permitted it to be
done, that is, knowing the game was being exhibited in his house, tacitly acqui-
esced in its being done.

Appeal from Travis. Indictment for permitting a banking
game to be exhibited in the defendant's house. The proof was
that the bank was exhibited in the defendant's house, where
he retailed spiritous liquors, and that the defendant knew
the fact and did not attempt to stop it. The Court instructed
the jury fully on the case, and among others, instructed them
in the language of the fourth paragraph of the synopsis of this
report. The new evidence to be introduced at a new trial

was to the effect that at the times stated by the witnesses for the State, the defendant was absent from the county.

*West & Brewster* and *J. A. & R. Green*, for appellant.

*Attorney General*, for appellee.

WHEELER, J. The ground mainly relied on for a reversal of the judgment is, that the provision of the Statute under which this indictment was framed, is not within the object of the law, as expressed in its title. (Const. Genl. Prov. Sec. 24.)

It is not, and cannot be questioned or doubted, that the provision in question is within the object of the law as expressed in its title proper, at the head of the Act. But the argument is, in effect, that, in the arrangement and classification of the provisions of the Act, it is not properly classified ; that it should have been placed in the class of offences against public policy, rather than offences against the public health ; and that, by reason of its classification with the latter, it is to be deemed a violation of the 24th Section of the General Provisions of the Constitution, and consequently void ; because, it is insisted, the divisions and classification of the provisions of the Act are to be taken to be parts of its title.

We cannot assent to the justice or soundness of the argument. The title is that part of an Act by which it is known and distinguished from other Acts. (Bouvier, L. Dic. TITLE.) The divisions, sub-divisions, arrangement and classification of the provisions of an Act, have never been considered any part of the title of the Act. It would certainly be novel and unprecedented so to consider and hold them. They constitute no part of the law, nor does the law prescribe any rules to be observed in such classification. The Constitution does not enjoin it. It is merely matter of convenience, to be observed or not, at the option of the Legislature. The Constitution only requires that the provisions of the Act shall conform to the

object expressed in its title.  The classifying of the provisions of Statutes, was doubtless suggested by the practice adopted by elementary writers and commentators upon the laws, of classifying the subjects treated of, for the purpose of orderly and harmonious arrangement and convenience.  But it has never been supposed that such arrangement and classification constituted any part of either the Common or Statute Law, or that it was intended to subserve any other purpose than that of convenience merely.  It would be quite as foreign and repugnant to all hitherto received ideas of what constitutes properly the title of an Act, to hold that it extends to and includes the classification of its provisions, as it would be to suppose the classification in the present instance, as appropriate as that which has been usually adopted.  Because a certain classification has been usual, it is not therefore binding upon the Legislature as matter of constitutional law.  It cannot be supposed that, if they should depart from it, to adopt one which might be, or which they might deem to be, more appropriate, the Act would be thereby rendered unconstitutional and void.

By what known rules of legal interpretation, it may be asked, is it to be determined that the designation of "offences against public policy," is the only appropriate one under which to class the provision of the Statute in question?  Or, if the objection be to the generality of the title of the Act in question, what title or designation is more general than that suggested?  All offences, of which the law takes cognizance, may be said to be, in some sense, offences against public policy.  And it has been maintained by theoretical writers, that their being such is the only true foundation of the right which society has to punish its members for any offence whatever.  But, for the purposes of the present inquiry, it may suffice to say, that the provision of the Statute in question is precisely within the object of the Act as expressed in its title ; and that it would be a not less novel than far fetched and strained construction, to give such extension to the title of the Act, as is

claimed for it, in order to defeat and annul its provisions. Courts have hitherto deemed it their duty so to construe Acts of the Legislature, as that, if possible, all their provisions may stand, and have effect. If a Statute is susceptible of different interpretations, one of which will defeat and the other give it effect, the latter will always be preferred ; and an Act will not be declared unconstitutional unless it is clearly so. If the present Act were to be deemed unconstitutional, it must be by a wide departure from these salutary and time-honored maxims of the law ; and from the firmly established course of judicial thought and action.

We think it free from doubt, that the mere classification and arrangement of the provisions of a Statute constitute properly no part of its title, but are matters of convenience merely, which the Legislature may observe or not, as they see proper ; and so the provisions of an Act come fairly within the object expressed in its title, it cannot be held to be obnoxious to the objection of a want of conformity to the Constitution, because of any mere divisions, sub-divisions or classification of its provisions.

To the objection that the Court refused certain instructions asked by the defendants, it may suffice to say, that the Court gave the law of the case, as applicable to the evidence, fully in charge to the jury, and more could not be required.

The motion for a new trial was rightly overruled. There was no pretence that the evidence was newly discovered, or could not have been given upon the trial ; but only that the defendant was not apprised that it would be of any avail to him. Of this it was for him and his counsel to judge ; and not having been mislead or deceived by the adverse party, of course they must abide by the course they saw proper to adopt in the conduct of their case.

There is no error in the judgment, and it is affirmed.

Judgment affirmed.