## JOE COPELAND v. THE STATE.

### No. 1317.   Decided December 16th, 1896.

**1.   Exhibiting a Gaming Table and Bank—"Craps."**

Where the information charged the keeping and exhibiting a gaming table and bank, and the evidence showed that the game was "craps," in which, the exhibitor played the game as against the many, received the bets and paid the losses out of the bank fund, which he kept before him on the table, he being the banker. Held: A banking game.

**2.   Same—Charge—Requested Instructions.**

On a trial for exhibiting a gaming table and bank, where the court charged the jury, "that, unless they found from the evidence that the defendant kept, or exhibited a gaming table or bank at any specific time, they would acquit," and further that, "evidence tending to show several exhibits of said table for the purpose of gaming is not sufficient to convict the defendant of a single act of exhibiting, unless there is evidence of a single act of exhibiting sufficient in itself to convict"—is sufficient, and rendered unnecessary a special requested instruction to the effect, that the jury could not convict of any offense under the information, except, one committed on the 6th of July, 1895 (the date alleged), and not then unless they believed beyond a reasonable doubt that he kept and exhibited a banking game on that day.

**3.   Same—Alibi.**

Where the State's proof was, that the gaming bank was exhibited in Paris, on the 6th day of July, 1895; proof, by defendant, that on that day he was at Dallas, not stating where Dallas was situated, nor its distance from Paris, does not establish a complete alibi, as defendant may have been at both places during part of the same day (6th of July).

APPEAL from the County Court of Lamar. Tried below before Hon. J. C. HUNT, County Judge.

Appeal from a conviction for exhibiting a gaming table and bank for gaming; penalty, a fine of $40, and twenty days' imprisonment in the county jail.

No statement necessary.

[No briefs for either party have come to the hands of the Reporter.]

*Mann Trice*, Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of keeping a gaming table and bank, and his punishment assessed at a fine of $40 and twenty days' imprisonment in the county jail; hence this appeal. Appellant requested the court to charge the jury that, there being no evidence that defendant kept or exhibited a gaming table, he cannot be convicted of that offense. The game played in this case was called "craps," in which the exhibitor played the game as against the many, receiving the bets on the game, and paying the losses out of a fund which he kept before him on the table, he being the banker. This was a banking game, and the indictment covered this phase of the case, and there was no danger that under the proof, defendant would be convicted of keeping a table game, and the charge was unnecessary. Counsel for appellant objected to the statement of Sturgeon, one of the counsel in the case, "that the defendant's counsel did not want the witness, Crook, to testify, because the defendant had put a witness on the stand who would testify substantially as Terry had done." These remarks were objected to by defendant's counsel, and the court stated that said remarks were not before the jury. There was no error in this. Appellant asked the court to give the following instruction to the jury: "I charge you that you cannot convict the defendant of any offense under the information herein, except for some offense committed on the 6th day of July, 1895, and not then, unless you believe from the evidence, beyond a reasonable doubt, that he kept and exhibited a banking game on that particular day." This was refused. In view of the fact that the court, upon this issue, did instruct the jury "that, unless they found, from the evidence, that the defendant kept or exhibited a gaming table or bank at a specific time, they would acquit, and, further, that evidence tending to show several distinct exhibits of said table for the purpose of gaming is not sufficient to convict the defendant of a single act of exhibiting, unless there is evidence of a single act of exhibiting sufficient in itself to convict." This charge, we think, covered the phase of the case as covered by the testimony, and rendered the charge asked unnecessary. The State's counsel remarked, during the argument, "that, if Joe Copeland was interested in the game, he was guilty as a principal with the party dealing, no matter whether he was present or not at the time the game was kept." As explained by the court, in the bill of exceptions, this remark of the State's counsel was not injurious to the appellant. It is contended by appellant that, in view of the fact that the State proved the alleged offense to have been com-

mitted on the 6th of July, 1895, and that appellant proved that on that particular day defendant was at Dallas, the court, in its charge, should have more rigidly confined the State to the alleged date, to-wit: the 6th of July, 1895, than was done. We have examined the charge of the court in this respect, and in our opinion it was sufficient; and the charge on alibi, in favor of the defendant, in connection with the other charge of the court, presented this distinct date for the consideration of the jury in finding their verdict. Moreover, we would observe, in this connection, that the record contains no proof as to the distance of Dallas from Paris, or even in what county the Dallas named is situated. It is not shown but what it was entirely compatible with the State's proof that defendant exhibited the game in Paris on the 6th of July, 1895, and that he might also, on the same day, have been at Dallas during some part of the day. The alibi in this regard was not complete, even if it had been considered by the jury as true. This court will take judicial knowledge of the fact that a city called Dallas is situated in Dallas County, but the county in which the Dallas named in the record is situate is not given. There is nothing in appellant's motion in arrest of judgment. The judgment is affirmed.

*Affirmed.*