JAMES MOHAN v. THE STATE.

No. 2186. Decided January 16, 1901.

1. **Renting House to be Used for Gaming—Information.**

A count in an information which charges the rental of property, in a certain county and State, to be used for gaming purposes, is defective and insufficient in that it does not charge that the rented house was then and there situated in said county and State.

2. **Permitting Gaming in One's House Appurtenant to a House for Retailing Spirituous Liquors.**

A conviction can not be had under a count in an information which charges the permitting of a gaming table to be exhibited for gaming in a house on his premises being appurtenant to a house for retailing spirituous liquors, where the evidence wholly fails to show that the room where the offense was committed was appurtenant to a house for retailing spirituous liquors.

3. **Gaming—Information—Counts—Failure to Compel Election.**

Where an information for gaming contains several counts, and there is no motion to compel an election, a conviction can be applied to either count the evidence sustains.

4. **"Craps"—Gaming Table or Bank—Information.**

A count in an information which charges that defendant permitted a game called "craps," the same being a gaming table or bank, to be kept and exhibited for gaming purposes in his house, not being a private residence, but same being a public place, to wit, a gaming house, sufficiently charges the offense.

5. **Permitting Gaming in One's House—Evidence Sufficient.**

See opinion for facts stated, held to be sufficient to support a conviction for permitting gaming in a house under defendant's control.

APPEAL from the County Court of Cooke. Tried below before Hon. B. F. MITCHELL, County Judge.

Appeal from a conviction for permitting gaming in a house under appellant's control; penalty, a fine of $25.

The case is sufficiently stated in the opinion.

*Culf & Giddings*, for appellant.

*D. E. Simmons*, Acting Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted under an information charging him, in three counts, with violating the gaming law. The first count charges that appellant permitted a gaming table and bank, to wit, a crap table to be kept, dealt, and exhibited for gaming purposes upon his premises; the same not being a private residence, and being appurtenant to a public place, to wit, a house for retailing spirituous liquors. The second count charges "that on said date above mentioned, and in said county and State, said James Mohan did rent to Jordan Wagoner a room for the purpose and with the knowledge that the same might and was to be used by the said Jordan Wagoner as a place for playing and betting at games with dice, and for keeping, dealing, and exhibiting a gaming table and bank, to wit, a crap table, and other games prohibited by law; the said place not being a private residence." The third count charges that appellant, in

said county and State, on said 27th day of August, 1900, did unlaw-
fully permit a game called "craps" to be played with dice at his house;
the said house then and there being a public place, to wit, a public gam-
ing house.

Appellant claims that the second of these counts is bad, in that it
fails to allege that the house or room rented was situated in Cooke
County, and cites us to Eylar v. State, 37 Texas Criminal Reports, 257.
An examination of that case sustains the view taken by appellant. The
count charges the rental property in said county and States, but does
not charge that the house was then and there situated in said county
and State.

Appellant complains that the court erred in submitting count num-
ber 1, because he contends said charge is on the weight of the evidence,
in that it assumes that the crap table is a gaming table; insisting
there is no proof to show the character of the game, and that it was a
gaming table. We differ with appellant in this regard. We think the
proof sufficiently shows it was a gaming table. However, a conviction
could not be sustained under this count, because the evidence wholly
fails to show that the room where the offense is alleged to have been
committed was appurtenant to a house for retailing spirituous liquors.

The conviction, if it can be sustained at all, will be under the third
count of the complaint. Appellant says that, the other counts passing
out—the second being defective, and the proof failing to sustain the
first—the conviction can not be sustained under the third count, even
though the evidence might sustain said count, because the jury might
have convicted appellant under one of the other counts. It will be ob-
served there was no motion to elect as to counts either before the trial
or after the evidence was in, and the rule is that the conviction can be
applied to either count the evidence sustains. See authorities cited in
White's Ann. Code Crim. Proc., art. 469, subsec. 10; McMurty v.
State, 38 Texas Crim. Rep., 521; Peacock v. State, 37 Texas Crim.
Rep., 418. There is no question that the third count sufficiently charges
the offense against appellant under article 389, Penal Code. It charges
appellant permitted a game called "craps," the same being a gaming
table and bank, to be kept and exhibited for gaming purposes in his
house, not being a private residence, but same being a public place, to
wit, a gaming house; and when we examine the proof it is responsive to
this count in the information. There is no controversy in the testi-
mony that the house, including the cellar, was at the time the house
of appellant, he having rented the same. True, there is some effort
made on the part of appellant in his testimony to show that he had
rented the house or cellar for the owner, Gus Meyers, or, rather, we
would say, the effort was made to confuse this issue and leave it in
doubt, lest appellant might render himself amenable under the second
count. But we think it is a reasonable conclusion to be arrived at
from the evidence that no surrender was made by appellant of the
house, or any part thereof; nor did Wagoner's rent begin from Meyers

until the 10th of September, when appellant vacated the house. Nor is there any disputation that it was a gaming house; all the evidence, in fact, showing that it was fixed up and being used at the time for that purpose. Does the evidence further show that the game of craps was played as a table or banking game? We think it does, and it does not come under the decision of Chappel v. State, 27 Texas Criminal Appeals, 310. That was a case where the parties were playing craps with dice solely against each other. There was no table keeper or banker. Here the evidence shows that the parties were playing and betting at craps with dice. Jordan Wagoner exhibited the game and took all the bets. He owned the table. Now, if Jordan Wagoner exhibited the game and took all bets, and the parties were playing craps with dice and betting thereon against the owner, the one against the many, was this not a table or banking game? Evidently it was. See Stearns v. State, 21 Texas, 693; Bell v. State, 32 Texas Crim. Rep., 187; Copeland v. State, 36 Texas Crim. Rep., 576; Thompson v. State, 37 Texas Crim. Rep., 227. Now, if appellant permitted the crap table to be kept and exhibited in his house, this would seem to apprehend knowledge on his part that his house was being so used. He denies that he knew of the existence of the game. The evidence for the State, how-ever, tends very strongly to charge him with knowledge. The officers found out some time before they raided the dive that it was being fixed up for use as a gambling dive, and the testimony is that one standing outside in the alley could hear the gambling going on down in the cellar, that a great deal of noise was made in the cellar by the parties engaged in the games; that on the night in question as many as ten negroes were in the dive, gambling, and were found there when the officers raided the establishment, together with all the paraphernalia of a gaming outfit. It is a little remarkable that the officers knew that the establishment was being fitted up for gambling a week or two before-hand, and that the gambling could be heard from the outside, and yet appellant, whose saloon was just across the way, about 12 feet from the cellar, and whose family were living immediately over the cellar, could not hear anything going on below, and was not apprised that his estab-lishment was being used for gambling. The attempt is to show that the cellar was being fitted up for use as a restaurant, to be ready against the time witness Wagoner should take full possession of the house, and that appellant knew nothing of its use as a gambling den. But, in our opinion, this hardly comports with the evidence in the case; and the jury evidently did not believe appellant's testimony, but, under the court's charge on circumstantial evidence, found that the circumstances were such as to show that he knowingly permitted his premises to be used as a gambling house, and we do not feel authorized to disturb the verdict. See McGaffey v. State, 4 Texas, 156; Robinson v. State, 15 Texas, 311; Humphreys v. State, 34 Texas Crim. Rep., 434. The judgment is affirmed.

*Affirmed.*