**REES v. STATE.**

No. 12561.

Court of Civil Appeals of Texas.
San Antonio.

May 20, 1953.

Emmett B. Cocke, San Antonio, for appellant.

Austin F. Anderson, Dist. Atty., and John F. Onion, Jr., Asst. Dist. Atty., San Antonio, for appellee.

POPE, Justice.

This is a summary judgment suit and concerns the sufficiency of the State's showing on its claim for a sworn account based on Article 3202–a, Vernon's Ann.Civ.Stats.

The State of Texas commenced this suit against S. G. Rees as guardian of the estate of Ruth Craig, non compos mentis, for reimbursement of costs incurred by the State of Texas over a period of thirteen years in caring for the ward at the Austin State School. The guardian answered by a sworn denial. The State then filed its motion for summary judgment and the guardian answered it by sworn denial and also by affidavit that the State of Texas had made an agreement to postpone collection of its claim until the ward's death, provided the guardian operated the estate and collected the small income from the estate, furnished the ward's personal spending money and paid for her clothing while at the State School.

Since the State was the movant, the burden was on it to show the absence of a material issue. Gulbenkian v. Penn, Tex. Sup., 252 S.W.2d 929. When the guardian filed his sworn denial, the plaintiff's sworn account lost its force as prima facie evidence. The State as plaintiff then was charged with the burden of proving its case and overcoming the force of the sworn denial, which "placed in issue the correctness of all items constituting the account in suit." Burtis v. Butler Bros., Tex.Civ.App., 243 S.W.2d 235, 237. The State then came forward with proof in the form of a certificate by the Superintendent of the Austin State School showing that the guardian was indebted to the State in the sum of $3,589.-40. By reason of the express provisions of Article 3202–a, that certificate was "sufficient evidence to authorize the Court to

render judgment." Were those all the facts, the State at that point would be entitled to a summary judgment. But the guardian did not stop at that point. He made an affidavit at the summary judgment hearing, that the State had made a binding contract with the ward to postpone collection of its debt until such time as the ward died, and to collect from her estate at that future time. The guardian by affidavit swore that the attorney for the guardian: "made a trip to Austin, Texas, and went before the State Board of Control and presented the facts as to the incompetency of said Ruth Craig, the small estate she owned and the fact of its solvency, and said Board made an agreement with the said Weber, as the representative of this defendant, that if this guardian would pay $2.00 per month only for the personal spending of the ward, the sum of not to exceed $50.00 per annum for her clothing, and that there be kept available in the estate sufficient funds for the burial of the ward, the guardian of her estate was authorized to continue in control and in possession of the remainder of the property of the ward so long as he complied with the duties placed on him and further agreed it would care for the ward under said arrangement so long as she lived and would then look to all of the property left on hand for her care during her life, with the exceptions, aforesaid." Documents from the probate court showed that the guardian had in fact furnished spending money, paid for his ward's clothing, and kept the estate intact since 1938.

 Whether such a contract was made is an issue, and if it was made it would rebut the prima facie showing of present indebtedness. The right of the State to reimbursement to the extent of the ability of a ward's estate to pay is not questioned. See Lokey v. State, Tex.Civ.App., 291 S.W. 966. Article 3238, Vernon's Ann.Civ.Stats., requires such reimbursement. But Article 3238, in requiring payment by a guardian when able, did not defeat the provisions of Article 3202-a that "The Board of Control, directly or through an authorized agent or agents, may make contracts fixing the price for the support, maintenance and treatment of children maintained, supported and treat-

ed, in the * * * Austin State School * * * and binding the person making such contracts to payments thereunder." In 1949 certain powers and duties were transferred from the State Board of Control to the Board for State Hospitals and Special Schools. Art. 3174b, Vernon's Ann. Civ.Stats. Whether the guardian, through his attorney, made an agreement with the State, through its Superintendent at the State School, with reference to the payment for the ward's costs at her death is a fact question affirmed by the appellant and denied by the appellee.

The motion for summary judgment should have been denied and the judgment of the trial court is reversed and the cause remanded.