Ethel Gates DUPREE, as Guardian of the Estate of Mildred Thomas Gates, Appellant,

v.

The STATE of Texas, Appellee.

No. 12788.

Court of Civil Appeals of Texas.

San Antonio.

Jan. 26, 1955.

Rehearing Denied Feb. 23, 1955.

Moursund, Ball, Bergstrom & Barrow, San Antonio, for appellant.

John Ben Shepperd, A. M. Lecroix, E. M. Scott, Katherine W. Conti, Austin, for appellee.

W. O. MURRAY, Chief Justice.

This suit was instituted in the District Court of Bexar County, Texas, by The State of Texas, for and in behalf of the Board for Texas State Hospitals and Special Schools and the Austin State Hospital, against Ethel Gates Dupree, as Guardian of the person and estate of Mildred Thomas Gates, a person of unsound mind, seeking to recover the sum of $3,018.86, for support, maintenance, medical care and treatment of Mildred Thomas Gates as a patient in the Austin State Hospital from October 7, 1930, to August 31, 1953, which was the balance alleged to be due after allowing credit for all payments made. Defendant filed a plea in abatement alleging want of jurisdiction in the District Court of Bexar County, and contending that the County Court of Bexar County has exclusive jurisdiction of the person and estate of Mildred Thomas Gates, n. c. m., and further contending that the suit should be abated because it was a suit for debt and not a proceeding to show cause, as contemplated and required by Art. 3196a, § 5, Vernon's Ann.Civ.Stats., and further because Art. 3196a, supra, is unconstitutional. This plea in abatement was overruled by the court.

Whereupon plaintiff filed a motion for summary judgment under the provisions of Rule 166–A, Texas Rules of Civil Procedure, to which defendant filed her reply. The parties stipulated, among others, the following three facts:

"1. That the verified account attached to plaintiff's original petition is the record of account as contained in the records of the Austin State Hospital and sworn to in proper form up to the date of the filing of said petition.

"2. That the defendant has been presented with a sworn account of the claim and a demand for payment and has refused and still refuses to make said payment.

"3. That Mildred Thomas Gates is now and has been a patient at the Austin State Hospital since on or about the 7th day of October, 1930."

The trial court, after sustaining some exceptions and overruling others, and permitting the parties to file amended pleadings, proceeded to a hearing upon the motion for summary judgment, granted same and rendered judgment in favor of plaintiff and against defendant in the sum of $2,358.86. How the court arrived at this figure we are not informed. Ethel Gates Dupree, as Guardian of the person and estate of Mildred Thomas Gates, has prosecuted this appeal.

Appellant's first contention is that the trial court erred in not sustaining her plea in abatement because the district court had no jurisdiction, the exclusive jurisdiction of this matter being vested in the Probate Court of Bexar County.

■ The suit was brought in the district court under the provisions of Sec. 5 of Art. 3196a, Vernon's Ann.Civ.Stats., reading in part as follows:

"A verified account, sworn to by the superintendent of the respective hospitals or psychopathic hospitals wherein such patient is being treated, or has been treated, as to the amount due shall be sufficient evidence to authorize the Court to render judgment therein."

Appellant contends that this section is in conflict with Sec. 16 of Article 5 of the Constitution of Texas, Vernon's Ann.St., giving jurisdiction to the county courts in probate matters, including guardianship of persons non compos mentis. We see no conflict between these two sections. The claim here sued upon was presented to appellant and not allowed by her, whereupon suit was filed in the district court, the court having jurisdiction of the amount involved. This has been the practice with all other claims, and there is no reason why it should not be followed by the State here.

Appellant also contends that Sec. 5, supra, is in conflict with Art. 4102, Vernon's Ann.Civ.Stats. There is no conflict, but even if there were, a statute would not be rendered unconstitutional simply because it conflicted with a prior statute.

■■ Appellant next contends that this suit is not authorized, because Sec. 5, supra, only authorizes a show cause proceeding. We overrule this contention. Appellant would have us, first, give a very narrow construction to Sec. 5, supra, and then, on account of such narrow construction, hold that the present suit could not be sustained under the provisions of the section. Section 5, when given a broad construction, authorizes this suit, and we should give that construction which will permit the carrying out of the purposes of the section rather than the defeating of it. The purpose of the section is to enable the State to recover the amount due it for the support, maintenance and treatment of nonindigent patients confined in State hospitals. Independent Life Ins. Co. of America v. Work, 124 Tex. 281, 77 S.W.2d 1036; Robinson v. Varnell, 16 Tex. 382; Robinson v. State, 15 Tex. 311; Vincent v. State, Tex.Com.App., 235 S.W. 1084; 39 Tex.Jur. 205, Statutes, §§ 110–113.

■ Appellant further complains that Art. 3196a is unconstitutional because it deprives appellant of due process of law and a trial by jury; improperly places the burden of proof, and deprives her of the right of cross-examination. We overrule these contentions.

■ There is nothing in Art. 3196a, supra, which would prevent a trial in the district court in which she would have all of these privileges, provided proper pleadings are filed and proper requests are made. It is true that the article does provide that, "A verified account, sworn to by the superintendent of the respective hospitals or psychopathic hospitals wherein such patient is being treated, or has been treated, as to the amount due shall be sufficient evidence to authorize the Court to render judgment therein." But this means nothing more than that such verified account shall be taken as primary proof and may be contradict-

ed, as may any other sworn account. Rees v. State, Tex.Civ.App., 258 S.W.2d 823; United States v. Dillman, 5 Cir., 146 F.2d 572.

Appellant next contends that neither the pleadings nor the undisputed evidence authorized the rendition of a summary judgment; that there were fact issues raised which required that the motion for summary judgment be overruled.

 If there were fact issues raised, the motion for summary judgment should have been overruled. Rolfe v. Swearingen, Tex. Civ.App., 241 S.W.2d 236; Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929; Rees v. State, Tex.Civ.App., 258 S.W.2d 823.

 Appellant's reply to the motion for a summary judgment was sufficient to deny the justness of the sworn account, and to deny that a contract had been entered into for the payment of $260 a year for the care of Mildred Thomas Gates, non compos mentis, at the Austin State Hospital. These material fact issues being raised, the motion for summary judgment should have been overruled. Rees v. State, supra.

The judgment is reversed and the cause remanded.