S. G. REES, Guardian of the Estate of
Ruth C. Craig, N. C. M.,
Appellant,

v.

The STATE of Texas, Appellee.

No. 12931.

Court of Civil Appeals of Texas.

San Antonio.

Dec. 28, 1955.

Rehearing Denied Feb. 1, 1956.

Emmett B. Cocke, San Antonio, for appellant.

Hubert W. Green, Jr., Dist. Atty., Walter W. Toxey, Jr., Asst. Dist. Atty., San Antonio, Russell G. Poling, E. M. Scott, W. O. Smyth, Austin, for appellee.

NORVELL, Justice.

We reversed the previous judgment in this cause and held that the motion for summary judgment should have been denied, as there was a fact issue involved relating to the existence of a binding and legal contract between the State Board of Control and the guardian, concerning the care of the ward at the Austin State School. As our former opinion states the case, it is unnecessary to here repeat the factual situation giving rise to this lawsuit. See Rees v. State, Tex.Civ.App., 258 S.W.2d 823. The record before us is practically the same as that of the former appeal, except that the facts set forth in the motion for summary judgment and reply thereto are now shown by the evidence of witnesses heard in open court. Additional testimony has been introduced relating to the appellant's contention that the date of payment of the sums due for the care of the ward were postponed by agreement with the Board of Control.

Appellant complains of the action of the trial court in receiving in evidence a certificate of Dr. Charles Castner, Superintendent of the Austin State School, relating to the debt sued upon. It is said that the statute, Article 3202–a, Vernon's Ann. Tex.Stats., which provides that such certificate may be received in evidence and shall be sufficient to support a judgment is

unconstitutional. We overrule this contention. The constitutionality of this particular provision is no longer an open question in this jurisdiction. Dupree v. State, Tex. Civ.App., 275 S.W.2d 556. See also, Green v. State, Tex.Civ.App., 272 S.W.2d 133.

It is also asserted that the court erred in rendering judgment on a portion of the account which contained a charge in excess of five dollars per week. It is said that the charges made are excessive. We are cited to no statute, regulation or judicial ruling which places a five dollar per week limit upon the amount which may be charged by the Austin State School. The limitation specified by Article 3202–a is actual cost of the support rendered by the State institution. It was not shown that the amounts charged and sued for were in excess of actual cost. Matters of evidence and the amounts to be charged are controlled by statute and it may be that under such enactments one representing an estate in guardianship is at a disadvantage in showing an excessive charge by a State institution (as argued by appellant), but even this would not authorize us to set aside and ignore valid laws passed by the Legislature.

We are further of the opinion that the trial judge properly refused appellant's requested charge which was in effect a comment upon the weight of the evidence.

Appellant's remaining points, in one form or another, present the contention that the jury's finding is supported by no evidence, and that it appears as a matter of law that there was a binding agreement between appellant and the State Board of Control, under which support payments due the State should be postponed until after the death of the ward. Rees v. State, Tex. Civ.App., 258 S.W.2d 823. No objection was made to the form of the issue submitted to the jury, although in some respects it appears incomplete when compared with appellant's pleading. It was alleged that the postponing agreement was made some fifteen years prior to the date of trial. Article 3202–a contemplates an agreement made by the Board of Control acting as an official board or body or one made by an agent duly authorized by the Board of Control acting as an official body. There is no official memorandum or record showing an authorizing action on the part of the Board of Control and while this may not be essential, we are unable to say, under all the facts and circumstances disclosed by the statement of facts, that the jury finding is supported by no evidence, Joske v. Irvine, 91 Tex. 574, 44 S.W. 1059 or is against the overwhelming preponderance of the evidence. King v. King, 150 Tex. 662, 244 S.W.2d 660.

The judgment is affirmed.