**Mrs. Vallie Mae DAVIS, Independent Executrix of the Estate of J. P. Davis, Deceased, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 7020.**

Court of Civil Appeals of Texas.

Texarkana.

Dec. 31, 1957.

Rehearing Denied Jan. 28, 1958.

Fulton, Hancock & McClain, Hollie G. McClain, Gilmer, for appellant.

Will Wilson, Atty. Gen., C. K. Richards, Asst. Atty. Gen., John H. Minton, Jr., Asst. Atty. Gen., for appellee.

PER CURIAM.

This is a suit by the State of Texas upon a sworn account for support, maintenance and treatment furnished J. P. Davis, Deceased. Judgment of the trial court was for the State and such judgment is affirmed.

Hon. J. P. Davis was a prominent citizen of Upshur County devoting a large part of his life to public service. In his declining years he was admitted to a state hospital for mental treatment. He remained in such institution from admission in July 1953 until his death on October 22, 1955. The State of Texas filed a petition seeking recovery of $1,509.74, interest and cost of suit. This action was in the form of a sworn account with an affidavit in terms required by law made thereto by R. C. Rowell, M. D., Superintendent of the Terrell State Hospital. The administratrix of his estate filed a sworn denial of the account.

■ When the administratrix filed such sworn denial the verified account lost its character as prima facie evidence of indebtedness and placed the burden upon the State to establish its case by a preponderance of the evidence. See J. E. Earnest & Co. v. Ward, Tex.Com.App., 137 Tex. 16, 152 S.W.2d 325; H. G. Bering, Inc. v. Waggoner, Tex.Civ.App., 247 S.W.2d 570, no writ hist. To meet the burden devolving upon the State, State counsel at the hearing, over the objection of administratrix, introduced the account with the affidavit verifying it to be correct in support of the allegations of the petition.

■■ It is the contention of the appellant, the defendant below, that the verified account was not admissible for this purpose. The confusion is caused by the State using the same account and its verification to perform two functions. It is used first to support its sworn account action. Upon sworn denial of the justness of the account, the State then makes the second, which is the use objected to by appellant, by introducing the verified account as evidence under Art. 3196a, Vernon's Ann.Civ.St., to prove its case in chief against the administratrix. It is thought that there is no authority to sustain appellant because Art. 3196a provides:

"* * * A verified account, sworn to by the superintendent of the respective hospitals or psychopathic hospitals wherein such patient is being treated, or has been treated, as to the amount due shall be sufficient evidence to authorize the Court to render judgment therein * * *."

The force of the statute makes the verified account admissible for that purpose.

■ This verified account is the only evidence introduced and the trial judge had no discretion but to render judgment in conformity therewith. The verified account's introduction into evidence may also be sustained under authority of Watson v. State, 161 Tex.Cr.R., 5, 273 S.W.2d 879. Art. 3731a, V.T.C.S., makes admissible certain records of State agencies. In the case referred to the Court of Criminal Appeals held that a certificate by this same Dr. Rowell regarding records of the institution he heads should be admitted in evidence in a criminal case.

The judgment of the trial court is supported by the evidence and must be affirmed. The other contentions of the appellant have been considered but are thought not to present error under this record and her points of error are respectfully overruled.

Associate Justice DAVIS deeming himself disqualified in this case has refrained from participating in it in any way.

The judgment of the trial court is affirmed.