**Tolbie WINCHESTER, Guardian, Appellant,**

v.

**STATE of Texas, Appellee.**

No. 3681.

Court of Civil Appeals of Texas.

Eastland.

Nov. 3, 1961.

Rehearing Denied Nov. 24, 1961.

T. R. Odell, Lubbock, for appellant.

W. P. Ratliff, Co. Atty., Haskell, Earl M. Scott, Austin, Will Wilson, Atty. Gen., W. O. Shultz, II, Asst. Atty. Gen., for appellee.

GRISSOM, Chief Justice.

The State of Texas sued the guardian of the estate of Vernie Winchester, a person of unsound mind, who has long been an inmate of the Wichita Falls State Hospital, for the amount alleged to be due the State for her support, maintenance and treatment. The suit was based upon the provisions of Article 3196a, Vernon's Ann. Civ.St. It was admitted that Vernie Win-

chester was able to reimburse the State for the cost of her support, maintenance and treatment.

A jury found that the "amount due" the State for Vernie Winchester's support, maintenance and treatment was the amount stated in the verified account sworn to by the superintendent of said hospital. Judgment was rendered for the amount so found to be due and the guardian has appealed.

In every conceivable way appellant contends that the State has the right to collect only the cost to the State of her support, maintenance and treatment; that the amount found by the jury, for which judgment was rendered, exceeds the cost to the State and that the State failed to prove what it cost to care for said patient. We agree with appellant that the State is entitled to collect only the cost to the State of the inmate's support, maintenance and treatment. The State's case, however, is based on Article 3196a. The State was only required to make the proof provided for by said statute. The portion of Article 3196a vital to this decision, to-wit, Section 5, provides that:

> "A verified account, sworn to by the superintendent * * * as to the amount due shall be sufficient evidence to authorize the Court to render judgment therein."

Despite appellant's denial of the verified account, the affidavit of the superintendent "as to the amount due" was sufficient evidence to support said finding and to authorize the judgment rendered. Compliance with said statutory provision entitled the State to a judgment for the amount sworn by the superintendent to be "the amount due" unless appellant introduced evidence in rebuttal to show that the amount claimed was more than it cost the State. There was no such evidence.

In Rees v. State, Tex.Civ.App., 258 S.W. 2d 823, the court said:

> "The State then came forward with proof in the form of a certificate by the Superintendent of the Austin State School showing that the guardian was indebted to the State in the sum of $3,589.40. *By reason of the express provisions of Article 3202–a, that certificate was 'sufficient evidence to authorize the Court to render judgment.'* Were those all the facts, the State at that point would be entitled to a summary judgment." (Emphasis ours.)

In Rees v. State, Tex.Civ.App., 286 S.W.2d 319, 320 (Writ Ref.), the court said:

> "The limitation specified by Article 3202–a is actual cost of the support rendered by the State institution. *It was not shown that the amounts charged and sued for were in excess of actual cost. Matters of evidence* and the amounts to be charged *are controlled by statute* and it may be that under such enactments one representing an estate in guardianship is at a disadvantage in showing an excessive charge by a State institution (as argued by appellant), but even this *would not* authorize us to set aside and ignore valid laws passed by the Legislature." (Emphasis ours.)

See also Davis v. State, Tex.Civ.App., 309 S.W.2d 482; Id., 158 Tex. 290, 312 S.W.2d 380 (Ref.N.R.E.), and Green v. State, Tex. Civ.App., 272 S.W.2d 133 (Ref.N.R.E.). As stated by Judge Norvell in Rees v. State, Tex.Civ.App., 286 S.W.2d 319, 320, matters of evidence are controlled by the statute. Article 3196a, Section 5, places on the guardian the burden of rebutting the presumption arising from the affidavit of the superintendent as to the "amount due" by introducing evidence that the State's charges exceed the cost to the State.

That which has been said disposes of appellant's points. They have been carefully considered and are overruled. The judgment is affirmed.