

# The Attorney General of Texas

December 19, 1979

MARK WHITE
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Joseph E. Saar, Chairman
Texas Private Employment Agency
  Regulatory Board
Capitol Building
Austin, Texas

Opinion No. MW-106

Re: Constitutionality of section 21.916, Education Code, which prohibits the use of employment agencies by school districts.

Dear Mr. Saar:

You have requested our opinion regarding the constitutionality of section 21.916 of the Education Code, recently enacted. Acts 1979, 66th Leg., ch. 477, at 1047. The statute provides:

> (a) A school district may not list employment opportunities with a private employment agency and may not pay a fee to a private employment agency for the referral of potential employees.
> (b) A school district may not employ in any position an applicant who is referred to the district for employment by a private employment agency. Any contract between the district and an applicant who is referred to the district by a private employment agency is void.
> (c) In this section, 'private employment agency' means a private employment agency subject to Chapter 245, Acts of the 51st Legislature, Regular Session, 1949, as amended (Article 5221a-6, Vernon's Texas Civil Statutes).

You ask whether any of these provisions might be invalid as (1) impairing the obligations of contracts or (2) contravening the equal protection clause, under both the United States and Texas Constitutions. Initially, however, we must address the problem posed by the statute's definition of "private employment agency."

A "private employment agency" is defined in subsection (c) as "a 'private employment agency' subject to Chapter 245, Acts of the 51st Legislature, Regular Session, 1949, as amended (Article 5221a-6, Vernon's Texas Civil Statutes)." (Emphasis added). Article 5221a-6, the Private

Employment Agency Law, was completely repealed by the 66th Legislature, Senate Bill 623, 1979, ch. 263, at 570, 574 (section 9). The new statute contains no reference to private employment agencies. Its regulatory scheme is confined to "personnel service," the definition of which differs from the earlier definition of "private employment agency" in that its applicability is limited to "permanent employment."

Both section 21.916 and Senate Bill 623 took effect on August 27, 1979. Thus, it is argued, at the moment section 21.916 commenced its prohibitions regarding private employment agencies, the statutory definition of "private employment agency" became meaningless, since, on that date, every "private employment agency" ceased to be subject to article 5221a-6, and the term itself disappeared from the regulatory scheme.

Such a construction, however, renders section 21.916 ineffective. It is well established that a construction should be avoided that renders any part of a statute inoperative, nugatory or superfluous. Spence v. Fenchler, 180 S.W. 597, 601 (Tex. 1915); Dupree v. State, 275 S.W.2d 556 (Tex. Civ. App. — San Antonio 1955, err. ref'd n.r.e.); See Town of Port Acres v. City of Port Arthur, 340 S.W.2d 325 (Tex. Civ. App. — Beaumont 1960, err. ref'd n.r.e.). This view is strengthened by the circumstance that Senate Bill 624 was signed into law on May 24, 1979, three days prior to the Senate's final passage of section 21.916. The legislature must be presumed to have been aware of the prior enactment of Senate Bill 624 at the time it enacted section 21.916. The bill enacting section 21.916 contained an emergency clause which, upon the requisite vote of each House, would have caused it to take effect while article 5221a-6 was still the law. Tex. Const. art. III, § 39. But the requisite vote was not obtained. Otherwise, no hiatus would have occurred. Thus, we believe it is most reasonable to construe subsection (c) of section 21.916 to read:

> In this section, 'private employment agency' means a private employment agency defined by Chapter 245, Acts of the 51st Legislature, Regular Session, 1949, as amended (Article 5221a-6, Vernon's Texas Civil Statutes).

(Emphasis added).

"Private employment agency" is defined in the referenced statute as

> any person, place or establishment within this state who for a fee or without a fee offers or attempts, either directly or indirectly, to procure employment for employees or procures or attempts to procure employees for employers, except as hereinafter exempted from the provisions hereof.

Article 5221a-6, section 1(e). Although the definition of "private employment agency" is not equivalent in all particulars to Senate Bill 623's definition of "personnel service," we believe that its retention in section 21.916 best accords with the legislative intent in enacting that statute. See Falkner v. Allied Finance Co., 394 S.W.2d 208 (Tex. Civ. App.

— Austin 1965, writ ref'd n.r.e., 397 S.W.2d 846) (repeal of adopted statute).  See also 1A Sutherland Statutory Construction § 23.32 at 278.  We note, however, that agencies engaged solely in the procurement of employment for public school teachers and administrators, and organizations chartered for the purpose of conducting free employment bureaus and agencies are among those exempted from the definition.  V.T.C.S. art. 5221a–6, § 2.

Your principal inquiry is whether any of the provisions of section 21.916 violate the constitutional guarantee of equal protection.  Since the statute at issue here essentially involves the regulation of an occupation or profession, it must be measured by the "rational basis" test.  Thompson v. Calvert, 489 S.W.2d 95 (Tex. 1972); Letter Advisory No. 122 (1977).  As long ago as 1939, the Court of Criminal Appeals said that the correct standard to be applied in such instances is whether the classification employed by the statute

> can be said to have no reasonable relation to the promotion of the general welfare . . . . the classification must be reasonable . . . and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike.

Ex parte Tigner, 132 S.W.2d 885, 894 (Tex. Crim. 1939).

In a recent federal case in Texas, a school district rule had prohibited any outside employment by teachers or principals.  The court held that since "teachers" did not comprise a "suspect classification," the "less stringent 'rational basis test' " should be applied to the school board's policy.  Applying that test, the court found the policy to be

> reasonably related to a legitimate state interest . . . the state has an interest in well-run schools for its children and it is reasonable to assume that preventing teachers and principals from having substantial outside interests furthers that interest.

Gosney v. Sonora Independent School District, 430 F. Supp. 53, 60 (N.D. Tex. 1977).

We believe that the same may be said of the interest which the legislature is seeking to promote in section 21.916.  The new statute may be related to the long-standing statutory directive that teachers and other school district employees take the same oath required of state officials, which includes the affirmation that the individual has

> not directly nor indirectly paid, offered, or promised to pay, contributed, nor promised to contribute any money, or valuable thing, or promised any public office or employment, as a reward to secure my appointment or the confirmation thereof.

Education Code, section 2.06; Texas Constitution, article 16, section 1.  We cannot say that the legislature erred in believing that the policy upon which the oath requirement is based

serves a legitimate state interest, nor in concluding that section 21.916 is a reasonable means of promoting that policy.   See Attorney General Opinion H–1027 (1977). Accordingly, it is our opinion that section 21.916 does not contravene the equal protection clause of either the United States or Texas Constitutions.  See Grasko v. Los Angeles City Board of Education, 107 Cal. Rptr. 334, 345 (Cal. App. 1973).

As to the contention that section 21.916 runs afoul of the federal and state constitutional provisions prohibiting the impairment of the obligation of contracts, a problem would clearly arise if subsection (b) were applied to effect the avoidance of contracts entered into prior to the effective date of the statute. See Open Records Decision No. 64 (1975). Since we are obliged, however, to construe every statute, if at all possible, so as to sustain its constitutionality, Hammick v. Simpler, 95 S.W.2d 357, 359 (Tex. 1936), we believe that subsection (b) should be read to operate prospectively only.

## S U M M A R Y

Section 21.916 of the Education Code, which prohibits a school district from securing its teachers through a "private employment agency," is not unconstitutional.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Ernest Boardman
David B. Brooks
Susan Garrison
Rick Gilpin
William G Reid
Bruce Youngblood