The STATE of Texas, By and Through its DEPARTMENT OF MENTAL HEALTH and MENTAL RETARDATION, Appellant,

v.

Bill Brian ROARK, A/K/A Billy Roark, Appellee.

No. 08–93–00322–CV.

Court of Appeals of Texas, El Paso.

April 28, 1994.

Rehearing Denied June 8, 1994.

Kenneth C. Lenoir, Reimbursement Atty., Abilene, TX, Mary Ann Slavin, Reimbursement Dept., TX Dept. of Mental Health & Mental Retardation, Austin, for appellant.

Robert Trenchard, Jr., Trenchard & Buckingham, Kermit, TX, for appellee.

Before BARAJAS, C.J., and KOEHLER and McCOLLUM, JJ.

## OPINION

KOEHLER, Justice.

The State of Texas, acting at the request and in behalf of the Texas Department of Mental Health and Mental Retardation, brought suit for reimbursement of costs in the amount of $13,318.97 associated with the support, maintenance, and treatment of Bill Brian Roark while he was a judicially committed patient at Vernon State Hospital. In a non-jury trial, the court after hearing the evidence rendered judgment for the State in the amount of $6,659. We reform the judgment to award the State of Texas the sum of $13,318.97, and as reformed, we affirm.

## RELEVANT FACTS

Bill Brian Roark, a/k/a Billy Roark (Roark), Appellee, was on January 30, 1991 admitted to Vernon State Hospital, a mental health facility under the management and control of the Texas Department of Mental Health and Mental Retardation, by virtue of a court ordered commitment. Because he possessed some property, his admission was as a "non-indigent patient," pursuant to TEX. REV.CIV.STAT.ANN. art. 3196a, § 1 (Vernon 1968)[1]. He remained at the hospital until his release on April 4, 1991. Thereafter, the State presented to Roark's guardian at the time a verified claim for $13,318.97 as reimbursement for Roark's support, maintenance, and treatment during his stay at the hospital.

---

1. Repealed by Acts 1991, 72nd Leg., ch. 76, § 19, eff. Sept. 1, 1991. Article 3196a, Section 1 is now codified in substantially the same wording in TEX.HEALTH & SAFETY CODE ANN. § 552.012 (Vernon 1992).

Following the guardian's rejection of the claim, the State brought this suit, first against the guardian of Roark's estate and later by substitution directly against Roark after the guardianship was closed, seeking reimbursement in the full amount of its verified claim.[2] Attached to the State's petition was the affidavit of James E. Smith, superintendent of the hospital, which verified, among other things, that the amount claimed was for the support, maintenance, and treatment furnished to Roark during the period in question, that the amount was just and true, that it was due, and that all just and lawful offsets, counterclaims, payments, and credits had been allowed. Roark's guardian answered with a sworn denial. At the conclusion of the bench trial that followed, the court rendered judgment in the State's favor for $6,659.

At the request of both parties, the trial court filed findings of fact and conclusions of law. The court first found: (1) that Roark was a patient at the hospital from January 30 through April 4, 1991; (2) that the cost of support, maintenance and treatment to the State at the hospital was $6,060 per month per patient; (3) that Roark was possessed of property from which the State could be reimbursed for the cost of services provided to Roark; (4) that the verified claim of the superintendent of the hospital, James E. Smith, was sufficient *prima facie* proof of the amount due the State for the cost of services provided to Roark; and (5) that the State's witness, Tammy Wrinkle, had knowledge of relevant facts and was custodian of the business records of the State. It then found that Roark did not receive care at the hospital "equivalent to $6,060 per month."

In its "conclusions of law" the court concluded, among other things, that although the State was entitled to be reimbursed for the cost of services to nonindigent patients pursuant to Section 552.013(c) of the Texas Health and Safety Code, it was only entitled

to a judgment against Roark in the amount of $6,659 plus interest.

The State brought this appeal on two points of error, one a legal sufficiency point and the other a factual sufficiency point, i.e. there is either no evidence or insufficient evidence to support a judgment for a lesser amount than the amount for which it sued. Roark in two cross points contends that because the State failed to offer any evidence that the amounts claimed were necessary and reasonable, there was no probative evidence to support a judgment for the State in any amount and that if the statute allows the State to recover its costs from an involuntarily committed patient without proof that treatment was provided and necessary and that the charges were reasonable, then the statute unconstitutionally permits the taking of property without due process of law.

■ When presented with a "no evidence" challenge, the appellate court should consider only the evidence and reasonable inferences drawn therefrom which, when viewed in their most favorable light, support the court finding. All evidence and inferences to the contrary are to be disregarded. *Stafford v. Stafford,* 726 S.W.2d 14, 16 (Tex. 1987); *Alm v. Aluminum Company of America,* 717 S.W.2d 588, 593 (Tex.1986). If there is more than a scintilla of evidence to support the questioned finding, the no evidence point fails. *Stafford,* 726 S.W.2d at 16.

■ When a factual sufficiency challenge is brought, the court must first examine all of the evidence, *Lofton v. Texas Brine Corp.,* 720 S.W.2d 804, 805 (Tex.1986); and after considering and weighing all of the evidence, the court may set aside the finding only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986). Since an appellate court is not a fact finder, it may not pass upon the credibility of the witnesses or substitute its

**2.** "This class [non-indigent patients] shall be kept and maintained at the expense of the State … but in such cases the State shall have the right to be reimbursed for the support, maintenance, and treatment of such patients." Tex.Rev Civ.Stat. Ann. art. 3196a, § 1 (Vernon 1968). Section 552.013(c) of the Texas Health and Safety Code

which became effective following the repeal of Article 3196a now provides merely that: "The state is entitled to reimbursement for the support, maintenance, and treatment of a nonindigent patient." Tex Health & Safety Code Ann. (Vernon 1992).

judgment for that of the trier of fact, even if the evidence would support a different result. *Clancy v. Zale Corp.*, 705 S.W.2d 820, 826 (Tex.App.—Dallas 1986, writ ref'd n.r.e.).

### AMOUNT DUE ESTABLISHED AS A MATTER OF LAW

■ The State asserts under its first point that the evidence established as a matter of law that it is entitled to a judgment for $13,318.97. Although this is commonly referred to as a legal sufficiency or no evidence point, it is more aptly described as a "conclusive evidence" point because the appealing party, in this case the State, is claiming, in effect, that its evidence is conclusive because it is strong and there is no, or at most not more than a scintilla of, evidence in support of a contrary finding.[3] Under the second point, the State contends that the finding that Roark did not receive care at the hospital equivalent to $6,060 per month is against the great weight and preponderance of the evidence, i.e. that evidence is factually insufficient to support the finding.

### EVIDENTIARY ANALYSIS

During the trial, the State introduced over objection a copy of the account that had been attached to its petition together with the superintendent's affidavit verifying that the amount of the account was just, true, and due. The account and affidavit were admitted over Roark's initial objection that the affidavit was hearsay and no evidence of the reasonableness and necessity of the expenses charged. It also was and is Roark's position

that admitting over objection the superintendent's affidavit, he not having been identified as an expert witness in response to Roark's interrogatories, was tantamount to allowing an expert to testify in violation of the sanction rule, TEX.R.CIV.P. 215(5). Article 3196a[4], in effect at the time this cause arose and now codified in essentially the same language under TEX.HEALTH & SAFETY CODE ANN. § 552.019(a)(1), (b)(1), and (c)(1) (Vernon 1992), specifically provided for the admission into evidence of the verified account as to the amount due, sworn to by the hospital superintendent, which "shall be sufficient evidence to authorize the Court to render judgment therein." *See Texas Department of Mental Health & Mental Retardation v. Crawford*, 771 S.W.2d 624, 627 (Tex.App.—Dallas 1989, writ denied); *Dupree v. State*, 275 S.W.2d 556, 558 (Tex.Civ.App.—San Antonio 1955, writ ref'd n.r.e.). Roark's contention that the admission into evidence of the superintendent's affidavit somehow made him an unidentified expert witness, in violation of the sanction provisions of TEX. R.CIV.P. 215(5), is without merit. The State's only "live" witness, Tammy Wrinkle[5], the reimbursement manager of the hospital and as such, the custodian of the patients' cost records, testified that the accounts showing Roark's monthly and *per diem* charges were business records, that the charges shown by the exhibits represented the cost of Roark's care for the period of his commitment, and that she had prepared the statement of account which was attached to

3. Powers & Ratliff, **Another Look at "No Evidence" and "Insufficient Evidence,"** 69 TEXAS L.REV. 515 (1991).

4. Repealed by Acts 1991, 72nd Leg., ch. 76, § 19, eff. Sept. 1, 1991. Prior to its repeal, Article 3196a provided in relevant part:

Sec. 5. Upon the written request ... the Attorney General, shall represent the State in filing a claim in Probate Court or a petition in a Court of competent jurisdiction, wherein the guardian of such patient and/or other person legally liable for his support, may be cited to appear then and there to show cause why the State should not have judgment against him or them for the amount due it for the support, maintenance, and treatment of such patient; and, upon sufficient showing, judgment may be

entered against such guardian or other persons for the amount found to be due the State.... A verified account, sworn to by the superintendent of the respective hospitals or psychopathic hospitals wherein such patient is being treated, or has been treated, as to the amount due shall be sufficient evidence to authorize the Court to render judgment therein....

5. Tammy Milner Wrinkle was, in response to interrogatories, properly identified as a person with knowledge of relevant facts. As custodian of the hospital reimbursement records, she was a fact witness, not an expert as contended by Roark. Moreover, Roark made no objection to her testimony after it was made clear that she would not express any opinion as to the reasonableness and necessity of the "care" provided to Roark during his stay at the hospital.

the superintendent's affidavit and which had been admitted into evidence.

Roark's testimony was the only evidence offered by the defense. He testified that he had "not necessarily" received any treatment, never got any care, was never given any medicine, and only saw a psychiatrist every two or three weeks while at the hospital. His only response as to a question of whether he had any facts upon which to base an assertion that the cost of his care was more or less than what had been shown was that he had not received any care or medicine and that it "wasn't worth any money."

■ The account, properly verified by the superintendent of the State hospital, when admitted into evidence, is to be taken by the court as *prima facie* proof of the account. *Davis v. State*, 309 S.W.2d 482, 483 (Tex.Civ. App.—Texarkana 1957), *writ ref'd n.r.e.*, 158 Tex. 290, 312 S.W.2d 380 (1958); *Dupree v. State*, 275 S.W.2d 556, 558 (Tex.Civ.App.— San Antonio 1955, writ ref'd n.r.e.). While the statute provides for no specific defense, it does allow the patient or responsible person to show cause why the State should not have judgment against him for the amount due it for his support, maintenance, and treatment. The State is not required by Article 3196a, Section 5, to prove the necessity or reasonableness of its charges, but there is nothing to prevent the patient, under proper pleadings, from contesting the account by showing that the State's charges exceeded the cost to the State. *Crawford*, 771 S.W.2d at 625; *Dupree*, 275 S.W.2d at 558. The trial court specifically found from the evidence that the cost to the State was $6,060 per month per patient. Although he claimed that he received little or no care and no medicine while at the hospital, Roark offered no evidence to rebut the evidence of the per diem and per month costs to the State for his support, maintenance, and treatment. As a result, the evidence as presented by the State establishes as a matter of law that the State is entitled to judgment for the full amount of its claim. The State's first point of error is sustained and Roark's Cross Point No. One is overruled.

In view of our disposition of the State's first point of error, it is unnecessary for us to consider its second point other than to say that the court's finding that Roark did not receive care at the hospital equivalent to $6,060 per month is irrelevant, as well as being unsupported by the evidence. As previously stated, the cost to the State, as shown by the account, was for his support, maintenance, and treatment, not just for his care or treatment. The second point of error is sustained.

■ Under his second cross point, Roark challenges the constitutionality of Article 3196a if it allows the State to recover the costs to it for the treatment furnished to involuntarily committed patients without a showing that "treatment was provided and without showing that any services that were provided were necessary or that the charges therefore were reasonable." The constitutionality of this statute has been upheld on several occasions and is not now open to question. *Rees v. State*, 286 S.W.2d 319, 320 (Tex.Civ.App.—San Antonio 1955, writ ref'd); *Dupree*, 275 S.W.2d at 558. There is no merit in Roark's suggestion that under the State's interpretation, the statute would unconstitutionally shift the burden of proof. The State which had the burden of proof, met that burden by having the account and superintendent's affidavit admitted into evidence, thus reestablishing a *prima facie* case. The burden of going forward with the evidence then shifted to Roark to introduce evidence that the charges shown by the account exceeded the cost to the State of Roark's support, maintenance, and treatment. *Winchester v. State*, 352 S.W.2d 491, 492 (Tex.Civ.App.—Eastland 1961, no writ). This he did not do. Cross Point No. Two is overruled.

The judgment of the trial court is reformed to read "that Plaintiff, the State of Texas, by and through its Department of Mental Health and Mental Retardation, do have and recover judgment against the Defendant, Bill Brian Roark, a/k/a Billy Roark, in the sum of THIRTEEN THOUSAND THREE HUNDRED EIGHTEEN and 97/100 DOLLARS ($13,318.97), plus interest thereon as computed and published by the Consumer Credit Commissioner of the State of Texas pursuant to Article 5069–1.05, Texas

Civil Statutes, as amended, which rate of interest is currently TEN PERCENT (10%), per year from date of this judgment (June 17, 1993) until paid, and for all costs of Court expended in this cause." As so reformed, judgment is affirmed.